[No. 18910.  Department Two.  April 28, 1925.]

# V. L. KNOWLTON et al., Appellants, v. MASON COUNTY et al., Respondents.[1]

HIGHWAYS (29, 30)—ROAD DISTRICTS—POWERS OF COUNTY BOARDS—STATUTES. That part of Rem. & Bal. Code, § 5577, requiring the division of the county into three road districts, having been repealed by the acts of 1903, and 1919 (Rem. Comp. Stat., § 6399) authorizing one or more road districts, the subsequent amendment of § 5577, in 1921 (Rem. Comp. Stat., § 6400) for the purpose of changing the compensation of the commissioners, but repeating the repealed provisions relating to three districts, does not have the effect of reviving the same or of repealing the conflicting provisions of the intervening acts.

STATUTES (47)—IMPLIED REPEAL—BY AMENDATORY ACT—AMENDMENT—EFFECT ON INTERVENING ACT. The subsequent amendment of an act, already impliedly repealed or superseded by conflicting acts on the same subject, does not amend or repeal the intervening acts which are not mentioned, or restore the conflicting portions of the first act.

Appeal from a judgment of the superior court for Mason county, Wright, J., entered August 23, 1924, affirming an order of the county commissioners establishing a road district. Affirmed.

*Reynolds, Ballinger & Hutson,* for appellants.

*Chas. R. Lewis* and *Alden C. Bayley,* for respondents.

MITCHELL, J.—On August 30, 1922, the board of county commissioners of Mason county, by a resolution duly passed and entered, abolished all road districts then existing in the county and provided that the whole of the county outside of the corporate limits of the town of Shelton should constitute one road district and that there shall not be more than one road district

[1]Reported in 235 Pac. 33.

in the county. The present appeal questions the validity of that order or any authority to divide the county outside of the corporate limits of Shelton into less than three road districts.

The legislature of 1893 (Laws of 1893, ch. 69, p. 147), enacted a comprehensive law relating to public roads, § 1 of which was as follows:

"The board of county commissioners shall, as often as they may deem it necessary, but not oftener than once a year, divide their respective counties, or any part thereof, into suitable and convenient road districts, and cause a brief description thereof to be entered on the county records. Each county commissioner shall be *ex officio* road commissioner of the several road districts in his commissioner district, and shall see that all of the orders of the board of county commissioners pertaining to roads in his district are properly executed: *Provided,* When in any county the members of the board of county commissioners are not elected by districts, it shall be the duty of the board of county commissioners, by proper order to be entered on its records, to divide such county into commissioners' districts to correspond with the number of members of such board, and to assign to each member of the board one of such districts, of which he shall be such road commissioner: *Provided,* That no member of the board of county commissioners shall receive any compensation for any service whatever, performed by him, or required of him by any of the provisions of this act other than his salary or per diem as county commissioner."

By an independent act, Laws of 1903, ch. 119, p. 223, and an act, Laws of 1907, ch. 246, p. 679, amending the act of 1903, the legislature provided authority for the formation or creation of counties, exclusive of incorporated cities and towns, into road districts fixing the maximum but not the minimum number. Under this state of the law, the county commissioners of Franklin county, in 1915, ordered that the whole of that county,

outside of the corporate limits of its cities and towns, should constitute a single road district. On appeal, *Spokane, Portland & Seattle R. Co. v. Franklin County*, 106 Wash. 21, 179 Pac. 113, this court held that the order was valid. In speaking of the act of 1903 (Laws of 1903, p. 223), and its effect upon prior legislation on the subject it was said:

"The act was, as we say, a general or independent act, and its effect was to supersede all prior acts on the same subject with which it was in conflict. Being without restrictions on the matter of dividing the county into road districts, save as to the maximum number of districts, it vested in the county commissioners absolute discretion in that regard, and if the provisions of the prior statutes with reference to making each several county commissioner a commissioner of roads in his district was a limitation on the power of the board to fix the number of the road districts, that limitation was superseded by the act. In other words, the power of the board to divide the county into districts was thereafter restricted as to the maximum number into which the county might be divided, and not as to the minimum number."

In this connection, it should be stated that, because of the provision in the act of 1907 (Laws of 1907, p. 679) amending the independent act of 1903 limiting the maximum but not minimum number of road districts in a county, the compilation in Rem. & Bal. Code in 1910 of the then existing laws upon this subject divided that which was originally § 1 of the act of 1893 into two sections, viz.: 5576 and 5577, Rem. & Bal. Code, as follows:

"Sec. 5576. The board of county commissioners shall, as often as they deem it necessary, but not oftener than once each year, divide their respective counties or any part thereof into suitable and convenient road districts, not exceeding twenty-four in number, and cause a description thereof to be entered upon

the county records: Provided, that the size and form of each road district shall be such as to permit personal oversight and management by one road supervisor."

"Sec. 5577.   Each county commissioner shall be *ex officio* road commissioner of the several road districts in his commissioner district, and shall see that all of the orders of the board of county commissioners pertaining to roads in his district are properly executed: Provided, when in any county the members of the board of county commissioners are not elected by districts, it shall be the duty of the board of county commissioners, by proper order to be entered on its records, to divide such county into commissioners' districts to correspond with the number of members of such board, and to assign to each member of the board one of such districts, of which he shall be such road commissioner: Provided, that no member of the board of county commissioners shall receive any compensation for any service whatever, performed by him, or required of him by any of the provisions of this act other than his salary or per diem as county commissioner."

It will be seen that there is a conflict in these two sections, arising because of the different dates of enactment of the matters contained in the two sections.   The first one, § 5576, taken from the act of 1907, provides for not exceeding twenty-four road districts which, together with the act of 1903 of which it was amendatory, this court held in the *Franklin County* case empowered the county commissioners to create a single road district of the county outside of incorporated cities and towns; while the second one, § 5577, provides for road districts corresponding in number with the number of members of the board of county commissioners, the latter being the provision and the only one on that subject in the original act of 1893, and which is the very provision we held in the *Franklin County* case had been repealed by the independent act of 1903.

The *Franklin County* case was decided by this court

on March 4, 1919, and the legislature at its session that year, Laws of 1919, ch. 140, p. 390 (Rem. Comp. Stat., § 6399), passed an act to the same effect as the decision in the *Franklin County* case, providing that the board of county commissioners shall, as often as they deem it necessary, not more than once a year, form their respective counties or any part thereof into one or more suitable and convenient road districts, not exceeding nine in number.

In 1921 the legislature, by ch. 154, p. 580, enacted a law as follows:

"Section 1. That section 5577 of Rem. & Bal. Code be amended to read as follows:

"Section 5577. Each county commissioner shall be *ex-officio* road commissioner of the several road districts in his commissioner district, and shall see that all of the orders of the board of county commissioners pertaining to roads in his district are properly executed: *Provided,* When in any county the members of the board of county commissioners are not elected by districts, it shall be the duty of the board of county commissioners, by proper order to be entered on its records, to divide such county into commissioners' districts to correspond with the number of members of such board, and to assign to each member of the board one of such districts, of which he shall be such road commissioner: *Provided,* That for time actually spent in the performance of their duties as road commissioners they shall be entitled to the same compensation as is provided by law for their services as county commissioners: *Provided, however,* That the compensation provisions of this act shall not apply to county commissioners whose annual salaries are fixed by law." Rem. Comp. Stat., § 6400.

It is because of the repetition in the first proviso therein, that it shall be the duty of the board of county commissioners to divide the county into commissioners' districts to correspond with the number of members of such board, and to assign to each member of the board

one of such districts of which he shall be road commissioner, that appellant contends there must be at least three road districts in each county, and that the act of 1903 and the amendment thereof in 1907 have been superseded and repealed in this respect.

Important considerations must be taken into account. The first portion of the section, and the first proviso are the same in each § 5577, Rem. & Bal. Code, and in the act of 1921. In § 5577, Rem. & Bal. Code, there is only one other proviso, and it reads, "that no member of the board of county commissioners shall receive any compensation for any service whatever, performed by him, or required of him by any of the provisions of this act other than his salary or per diem as county commissioner." In the act of 1921 there are two other provisos, as follows:

"Provided, That for time actually spent in the performance of their duties as road commissioners they shall be entitled to the same compensation as is provided by law for their services as county commissioners: Provided, however, That the compensation provisions of this act shall not apply to county commissioners whose annual salaries are fixed by law."

Manifestly, the purpose of the act of 1921 was to make definite and certain the matter of compensation to county commissioners for time actually spent by them in the performance of their duties as road commissioners, and to declare that such provision for compensation should apply only to county commissioners whose annual salaries are not fixed by law.

Another important consideration is that the act of 1921 is an amendatory act. It being the purpose to provide and fix compensation for non-salaried county commissioners for time spent in performing their duties as road commissioners, by way of an amendment of a former law rather than by an independent act, it was necessary, under our constitution, not simply to

refer to the act or its title, but to set forth at full length the act revised or the section amended in order to effectuate that purpose. Constitution, art. 2, § 37. The amendatory act of 1921 does not refer to the independent act of 1903, nor the amendatory act of 1907. Under such circumstances, we held in *State ex rel. School Dist. No. 102 v. Clausen,* 116 Wash. 432, 199 Pac. 752 (syllabus):

"Where an act has been in part impliedly repealed and superseded by a conflicting act on the same subject, the subsequent amendment of the earlier act in the constitutional method of amending laws, without mention of the intervening act, does not amend or repeal by implication such intervening act as to restore the conflicting portions of the first act."

A similar situation was presented in the case of *McLaughlin v. City of Newark,* 57 N. J. L. 298, 30 Atl. 543, one of a number of cases referred to in *State ex rel. School Dist. No. 102 v. Clausen, supra,* wherein it was held by the New Jersey court that the intermediate act was not impaired. In the opinion, the New Jersey court said:

"By observing the constitutional form of amending a section of a statute, the legislature does not express an intention then to enact the whole section as amended, but only an intention then to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience."

Such is the applicable rule in this case.

Judgment affirmed.

TOLMAN, C. J., HOLCOMB, MACKINTOSH, and PARKER, JJ., concur.