[No. 20061. Department One. August 24, 1926.]

C. E. DeBow, *Petitioner*, v. JOHN TRUAX, *as Judge, Respondent*.[1]

[1] COUNTIES (26)—OFFICERS (43)—COMPENSATION—REDUCTION— VALIDITY OF STATUTE. The act of 1925, p. 557, repealing earlier laws as to the salary of county commissioners, does not affect the right of a county commissioner who, at the time of his election, was entitled under Rem. Comp. Stat. § 6400, to *per diem* for services as road supervisor; in view of Const. Art. XI, § 8, prohibiting the increase or diminishing of the salary of any county officer during his term of office.

Application filed in the supreme court, June 11, 1926, for a writ of mandamus to compel the superior court for Benton county, Truax, J., to compel the allowance of extra compensation to a county commissioner as commissioner of county roads. Granted.

*Andrew Brown,* for petitioner.

*George A. Beardsley,* for respondent.

BRIDGES, J.—This is a mandamus proceeding. The only question involved is whether the petitioner, who is a county commissioner of Benton county and ex-officio commissioner of county roads within his district, is entitled to compensation for services performed in looking after such roads.

[1]Reported in 248 Pac. 437.

He was elected county commissioner while ch. 154, Laws of 1921, p. 580, and other laws which we shall incidentally mention, were in force. He still holds the office. Rem. Comp. Stat., § 4200 [P. C. § 1570], fixes the compensation of the county commissioners of the various counties of the state. In the more populous counties a yearly salary is provided for, while in counties with less population the compensation is six dollars per day for the time actually spent in performance of the duties of the commissioner. Benton county belongs to the last class mentioned.

Chapter 154, Laws of 1921, p. 580, heretofore mentioned (Rem. Comp. Stat., § 6400) [P. C. § 5973], provides that each county commissioner shall be ex-officio road commissioner of the several road districts within his commissioner district and shall look after the needs of those roads, and that

". . . for time actually spent in the performance of their duties as road commissioners they shall be entitled to the same compensation as is provided by law for their services as county commissioners; provided, however, that the compensation provisions of this act shall not apply to county commissioners whose annual salaries are fixed by law."

Rem. Comp. Stat., § 4053 [P. C. § 1682], provides that, for all commissioners who are paid by the day, claims shall be made out, verified, filed with the county clerk and passed upon by the judge of the superior court sitting in that county.

The petitioner did some work as road commissioner and filed his claim therefor at the rate of six dollars per day, the amount of his per diem compensation fixed by the statute for services as county commissioner. Another one of the commissioners of the same county, elected at the same time as the petitioner, also filed a claim for services in supervision of the roads within his

district, and that claim was assigned to the petitioner, who now owns it. The respondent, a judge of the superior court for Benton county, refused to allow these bills, solely because of the provisions of ch. 184, Laws of 1925, p. 557. That act was evidently intended to take the place of numerous other sections of our statutes. By section 1, it is provided that county commissioners shall have general control and management of the county roads in their respective counties and that each county commissioner shall be ex-officio road commissioner of the several road districts in his commissioner's district, and that "no county commissioner shall receive any compensation for any service under the provisions of this act other than his salary or per diem as county commissioner." Chapter 154, Laws of 1921, *supra*, was expressly repealed. The repealed statute is the one fixing compensation of county commissioners, such as the petitioner, for services performed in the supervision of roads within his district.

[1] It will thus be seen that, under the law in force at the time the petitioner was elected, it was a part of his duties to look after and supervise the county roads within his district, for which services he was entitled to be paid at the rate of six dollars per day for the time actually spent; and that, under the 1925 act, while the same duties are imposed, county commissioners are not entitled to any extra compensation for services in looking after the roads within their respective districts. Petitioner contends that the 1925 act is either unconstitutional or cannot be applied to him, because of § 8, art. XI, of the state constitution, which provides that

". . . The salary of any county, city, town or municipal officers shall not be increased or diminished after his election or during his term of office. . : ."

We think that petitioner's position is correct and that the case of *Mudgett v. Liebes,* 14 Wash. 482, 45

Pac. 19, is conclusive of the question involved here. The facts in that case were that Mr. Mudgett was the duly elected treasurer of Spokane county, and that at the time of his election the law provided that he should be ex-officio tax collector of the city of Spokane with a salary of $500 for his services as such collector, in addition to the salary allowed to him as county treasurer. Subsequently, but during Mr. Mudgett's term of office, the legislature, although still making county treasurers ex-officio tax collectors for the various cities, provided that no extra compensation should be allowed them therefor. In disposing of the case, we said:

"It is too well settled to require any citation of authority, that the legislature may abolish an office entirely at any time; also, that the holder of an office has no proprietary rights therein and is subject to the will of the legislature, save only as the legislative power may be restricted by the constitution; also, that the legislature has power to impose additional duties upon an officer without providing additional compensation therefor. But neither one nor all of these propositions affords any warrant for cutting off the compensation which the law at the time of his election fixed for the discharge of certain duties, while still requiring of the officer the performance of the duties for which the compensation was originally fixed; and this is precisely, as we think, what the legislature, by the amendatory act in question, attempted to do."

See, also, *State ex rel. Maltbie v. Will*, 54 Wash. 453, 103 Pac. 479, 104 Pac. 797; *State ex rel. Davis v. Clausen*, 47 Wash. 372, 91 Pac. 1089; *Knowlton v. Mason County*, 134 Wash. 255, 235 Pac. 33.

Our conclusion is that, because of our constitutional provision, previously quoted, the 1925 statute is inapplicable to the petitioner in so far as his compensation is concerned, and that the respondent judge was in error in rejecting the claims. It is only fair to the respondent to state that, when he rejected the claims,

his attention was only called to the 1925 act, but the applicability of that statute to the petitioner was not presented or considered.

Let the writ of mandate be issued.

TOLMAN, C. J., HOLCOMB, FULLERTON, and MITCHELL, JJ., concur.