[Nos. 43488, 43489.    En Banc.    August 14, 1975.]

THE STATE OF WASHINGTON, *Appellant*, v. GILBERT M. SAM
*et al, Respondents.*

*Robert E. Schillberg, Prosecuting Attorney*, and *Ruth Ellen Wagner, Deputy*, for appellant.

*James D. Sherman* and *Peter G. Rothschild*, for respondents.

*Christopher T. Bayley, King County Prosecuting Attorney*, and *Brian D. Gain, Deputy; Jeremy Randolph, Lewis County Prosecuting Attorney*, and *Charles R. Byrd, Chief Deputy; Robert T. Farrell*, amici curiae.

ROSELLINI, J.—The defendants in these two cases were charged under RCW 9.54.020 with the offense of taking a motor vehicle without the permission of the owner, a felony under the statute. In each case, the defendant moved to dismiss upon the ground that statutes applicable to the conduct which constituted the offense deny equal protection of the laws; and in each case the motion was granted. A consolidated appeal directly to this court was accepted, since a question of statutory interpretation is involved.

The theory upon which the lower courts granted the defendants' motions was that RCW 9.54.020 makes the taking away of an automobile a felony, while RCW 9.61.040(8) makes the offense a misdemeanor and that, since two different punishments are prescribed for the same act, with discretion in the prosecutor to charge under one or the other statute, the legislation violates the equal protection provisions of U.S. Const. amend. 14 and Const. art. 1, § 12. We have held that the legislature may not constitutionally authorize the prosecutor to charge one person with the commission of a felony and another with a misdemeanor for the same act committed under the same circumstances. *Olsen v. Delmore*, 48 Wn.2d 545, 295 P.2d 324 (1956). *Accord, State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970). *And see State v. Collins*, 55 Wn.2d 469, 348 P.2d 214 (1960) and *Walder v. Belnap*, 51 Wn.2d 99, 316 P.2d 119 (1957). If there are both felony and misdemeanor statutes applicable to the defendants' offenses, a constitutional question is presented. It is first necessary, however, to determine whether there are in fact two applicable statutes.

The injury to property (misdemeanor) statute, RCW 9.61.040, was first enacted in 1862, and was last amended, prior to 1971, in 1909. In 1915, the taking motor vehicle without permission of the owner (felony) statute, RCW 9.54.020, was enacted.

In *Walder v. Belnap, supra*, the petitioner sought by habeas corpus to obtain his release upon the ground that there were two statutes defining the crime of which he was convicted, one making it a felony and the other a misde-

meanor, and that the legislature had thus improperly vested discretion in the prosecutor to determine the extent of punishment for identical acts. This court, holding that the felony statute, passed subsequent to the last amendment of RCW 9.61.040 and dealing with the subject in a more minute way than had the injury to property (misdemeanor) statute, superseded and impliedly repealed that portion of the earlier act which pertained to the taking away of an automobile without the permission of the owner.

This was the status of the law in 1971 when the legislature next amended RCW 9.61.040, which contains 15 paragraphs listing types of property damage which are prohibited. By Laws of 1971, 1st Ex. Sess., ch. 152, § 5, the penalty provision of the section was amended, the new law making the seriousness of the offense to depend upon the value of the property injured.

In compliance with Const. art. 2, § 37, the legislature set forth at full length all of the provisions of the act as it had been last amended in 1909. These included the provision with reference to the driving away of an automobile, which this court had held had been impliedly repealed in 1915. According to the theory of the defendants, which was adopted by the courts below, when the legislature failed to omit the provision regarding automobiles, it manifested an intent that this provision should be reenacted and should become subsisting law. The defendants do not, however, take the next logical step and argue that it was the legislative intent to impliedly repeal the felony statute. It is their theory that the legislature intended that both statutes should exist simultaneously. In other words, they ask the court to assume that the legislature intended to create a state of affairs which had previously been declared to be open to constitutional objection.

The question whether an amendatory act, which, in conformity with constitutional requirements, sets forth the act to be amended and includes therein a provision which has been impliedly repealed, thereby restores the earlier law, is

not a new one before this court. In *State ex rel. School Dist. 102 v. Clausen*, 116 Wash. 432, 199 P. 752 (1921) and *Knowlton v. Mason County*, 134 Wash. 255, 235 P. 33 (1925), it was held that the subsequent amendment of an act, already impliedly repealed and superseded by a conflicting act covering the same subject, does not amend or repeal the intervening act which is not referred to, or restore the repealed and superseded provisions of the earlier act.

In *Knowlton v. Mason County*, *supra* at 261, the following, taken from *McLaughlin v. Newark*, 57 N.J.L. 298, 30 A. 543 (1894), was quoted with approval:

> "By observing the constitutional form of amending a section of a statute, the legislature does not express an intention then to enact the whole section as amended, but only an intention then to enact the change which is indicated. Any other rule of construction would surely introduce unexpected results and work great inconvenience."

■ The purpose of the constitutional provision requiring that the act which is amended be set forth in full was described in *State ex rel. Gebhardt v. Superior Court*, 15 Wn.2d 673, 685, 131 P.2d 943 (1942). We said there that it was framed for the purpose of avoiding confusion, ambiguity, and uncertainty in the statutory law through the existence of separate and disconnected legislative provisions, original and amendatory, scattered throughout different volumes or different portions of the same volume. According to Sutherland's treatise, it was also adopted to insure that legislators would be aware of the nature and content of the law which was being amended and the effect of the amendment upon it. 1A *Sutherland Statutory Construction* § 22.16 (4th ed. C. Sands 1972).

Ideally, when the court has found that a legislative provision has been impliedly repealed by subsequent legislation, the legislature will enact a housekeeping measure which removes the repealed language from the act. The court, however, can take judicial notice of the fact that this seldom happens. Seventeen years have passed since *Walder*

*v. Belnap, supra,* was decided, and yet, until this year,[1] the legislature has never seen fit to remove from RCW 9.61.040 (8) the language which refers to automobiles. That language, in the meantime, has been of no force and effect. The legislature did not give it life by merely reciting it in the amendatory act of 1971. There is nothing in the amendatory language which suggests that the attention of the legislature was directed to the substantive provisions of the injury to property act when it enacted this amendment. It was concerned solely with the penalty provisions.

In 1A *Sutherland Statutory Construction* § 22.03, at 108 (4th ed. C. Sands 1972), it is said:

> When an act has been repealed by a general repealing clause or by implication, the fact of its repeal is sometimes overlooked and a new act purports to amend it. When this occurs, it raises a question of whether a repealed statute can be amended.
> Since an amendatory act alters, modifies, or adds to a prior statute, all courts hold that a repealed act cannot be amended. No court will give the attempted amendment the effect of reviving the repealed act.

(Footnote omitted.)

A corollary to this principle is recognized in cases which have dealt with statutes which repeal and reenact legislation. Where a statute is enacted and thereafter a second statute is enacted which creates an exception to the operation of the first one, after which a third statute is enacted which repeals and reenacts the first statute, the third statute does not impliedly repeal the second statute, since the third statute is merely a continuation of the first one and is subject to the exception contained in the second one. *See Effect of simultaneous repeal and re-enactment of all, or part, of legislative act,* Annot., 77 A.L.R. 2d 336, § 9 (1961). *See also Goodnoe Hills School Dist. 24 v. Forry,* 52 Wn.2d 868, 329 P.2d 1083 (1958).

That our cases are in harmony with the weight of authority is further evidenced by the statement of the rule

---

[1] The legislature in Laws of 1975, ch. 28, has again amended the act and has deleted the word "automobile" from subsection 8.

found in 82 C.J.S. *Statutes* § 306 (1953). It is there said that where a statute which has been repealed in part is amended and reenacted, the retention, through oversight or inadvertence, of a word relating to the repealed part does not make the repealed part again operative.

We can find in the 1971 amendment of RCW 9.54.040 no language which suggests that the legislature intended to revive the provision pertaining to the driving away of an automobile without the consent of the owner. While the language remained in the original act, the legislature must be presumed to have been aware that, through subsequent inconsistent legislation, the provision had been impliedly repealed and was no longer of any legal effect. Had it desired to make the offense punishable under RCW 9.61.040(8), therefore it would presumably have repealed the conflicting statute, RCW 9.54.020, and stated that it was its purpose, in amending RCW 9.61.040, to provide for the punishment of this particular offense under the provisions of that section. The mere formal repetition of the original provisions of the injury to property act, as required by the constitution, was not designed to and could not effect such a purpose.

We conclude that the trial court in each of these cases erred in dismissing the prosecution. Accordingly, the charges are reinstated and the causes are remanded for further proceedings.

STAFFORD, C.J., and FINLEY, HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

Petition for rehearing denied October 27, 1975.