[No. 3524-1.   Division One.   January 12, 1976.]

THE STATE OF WASHINGTON, *Respondent*, v. MELVIN A.
BAILEY, *Appellant*.

*Bannister, Bruhn & Cuningham* and *John R. Cuningham*,
for appellant (appointed counsel for appeal).

*Patrick R. McMullen, Prosecuting Attorney*, and *William
H. Nielsen, Deputy*, for respondent.

SWANSON, J.—Melvin A. Bailey appeals his conviction of
grand larceny by welfare fraud on the sole ground that the
welfare fraud statute, RCW 74.08.331, is unconstitutional.
We disagree and affirm.

Trial was to the court without a jury on agreed facts.
Bailey obtained $1,420.86 in public assistance funds during
a period of time when he was totally ineligible for public
assistance by virtue of his receipt of $3,941.42 in wages. The
trial court found that Bailey

willfully, unlawfully and feloniously made a willful, false statement . . . affecting his eligibility or need for assistance when he indicated to the Department of Social and Health Services that he had received no income since the time he originally applied for public assistance,

finding of fact No. 4, and concluded that Bailey "is guilty of the crime of Grand Larceny by Welfare Fraud, pursuant to RCW 74.08.331," conclusion of law No. 2.

Bailey's challenge to the constitutionality of RCW 74.08.331 is twofold. The first argument is based upon the principle expressed in *Olsen v. Delmore*, 48 Wn.2d 545, 550, 295 P.2d 324 (1956), and reaffirmed in *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970), "that the legislature may not constitutionally authorize the prosecutor to charge one person with the commission of a felony and another with a misdemeanor for the same act committed under the same circumstances," *State v. Sam*, 85 Wn.2d 713, 714, 538 P.2d 1209 (1975). Bailey contends that this principle is violated in the instant case because two other criminal statutes, RCW 74.04.250 and 74.08.055, involve elements identical to those described in RCW 74.08.331, but prescribe different penalties.

■ The elements of the three statutes referred to are similar, but not identical. RCW 74.08.331,[1] the statute upon

---

[1]"Any person who by means of a wilfully false statement, or representation, or impersonation, or a wilful failure to reveal any material fact, condition or circumstance affecting eligibility of need for assistance, including medical care, surplus commodities and food stamps, as required by law, or a wilful failure to promptly notify the county office in writing as required by law *or* any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, or any other change in circumstances affecting his eligibility or need for assistance, or other fraudulent device, obtains, or attempts to obtain, or aids or abets any person to obtain any public assistance to which he is not entitled or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years.

"Any person who by means of a wilfully false statement or representation or by impersonation or other fraudulent device aids or abets in buying, selling, or in any other way disposing of the real property of

which Bailey's conviction rests, prescribes a maximum penalty of 15 years imprisonment in the state penitentiary for conduct described as grand larceny. The court in *State v. Walters*, 8 Wn. App. 706, 707, 508 P.2d 1390 (1973), analyzed the elements of the crime as follows:

> [T]he gravamen of the statutory crime is obtaining (or attempting to obtain, or aiding or abetting another to obtain) public assistance to which one is not entitled (or greater public assistance than that to which one is justly entitled) "by means of" one or more of the statutorily condemned devices: (1) willfully false statement (or representation or impersonation); or (2) willful failure to reveal any material fact, condition or circumstance, affecting eligibility or need, as required by law; or (3) willful failure to promptly notify the department as required by law of (A) any change in status in respect to resources, or income, or need, or family composition, etc., or (B) any other change in circumstances affecting eligibility or need for assistance; or (4) other fraudulent device.

In the instant case Bailey was convicted upon proof that he (1) obtained public assistance (2) to which he was not entitled (3) by means of a willfully false statement. Because Bailey could not have been convicted of violating either RCW 74.04.250 or 74.08.055 upon allegation and proof of these elements, his conviction does not contravene the rule of *Olsen v. Delmore, supra. See State v. Canady*, 69 Wn.2d 886, 891, 421 P.2d 347 (1966).

RCW 74.04.250[2] imposes criminal liability upon an appli-

---

a recipient of public assistance without the consent of the director shall be guilty of a gross misdemeanor and upon conviction thereof shall be punished by imprisonment for not more than one year in the county jail or a fine of not to exceed one thousand dollars or by both." RCW 74.08.331, *as enacted*, Laws of 1965, 1st Ex. Sess., ch. 34, § 1, p. 1762.

[2]"General Assistance—Immediate Grants—Penalty. An applicant for any category of public assistance under this title may, in the discretion of the administrator, be granted general assistance at once upon making application therefor provided he submits to the administrator a sworn statement of need and resources; but if upon due investigation and inquiry on the part of the administrator it shall develop that such applicant swore falsely, he may be proceeded against criminally and if convicted be punished as for a gross misdemeanor. The county, through

cant seeking an immediate grant of general assistance for swearing falsely in his "sworn statement of need and resources." Bailey's conviction under RCW 74.08.331 did not require proof that he swore falsely. In addition, Bailey was not an applicant for an immediate grant of general assistance, but for a grant of assistance under RCW 74.08.050, and the prosecutor therefore had no discretion to charge him with a gross misdemeanor under RCW 74.04.250. *See* *State v. Seger*, 1 Wn. App. 516, 463 P.2d 185 (1969), *review denied*, 77 Wn.2d 962 (1970).

RCW 74.08.055[3] says that an applicant for public assistance who willfully makes and subscribes any statement which is verified by a written declaration that it is made under the penalties of perjury and which he does not believe to be true and correct is guilty of a felony. No maximum penalty is specified. Bailey's conviction under RCW 74.08.331 did not require proof that he subscribed a statement verified by a written declaration that it was made under the penalties of perjury.[4] We recognize that often

its prosecuting attorney, may also in such cases institute and prosecute an action to recover any moneys wrongfully received by the applicant by means of his false statement." RCW 74.04.250, *as enacted*, Laws of 1959, ch. 26, § 74.04.250, p. 135.

[3]"Verification of Applications—Penalty. Each applicant for or recipient of public assistance shall make an application for assistance which shall contain or be verified by a written declaration that it is made under the penalties of perjury. The director, by rule and regulation, may require that any other forms filled out by applicants or recipients of public assistance shall contain or be verified by a written declaration that it is made under the penalties of perjury and such declaration shall be in lieu of any oath otherwise required, and each applicant shall be so informed at the time of the signing.

"Any applicant for or recipient of public assistance who wilfully makes and subscribes any application, statement or other paper which contains or is verified by a written declaration that it is made under the penalties of perjury and which he does not believe to be true and correct as to every material matter shall be guilty of a felony." RCW 74.08.055, *as enacted*, Laws of 1959, ch. 26, § 74.08.055, p. 142.

[4]In pointing out the differences between RCW 74.08.331 and 74.08.055, we express no opinion as to whether the rule of *Olsen v. Delmore, supra*, prohibits the legislature from authorizing the prosecutor to charge with the commission of different *felonies* for the same act committed under the same circumstances, or whether a defendant could

one who commits grand larceny by welfare fraud is also a perjurer.

If the prosecutor is able to prove each separate crime, then he could charge a person with violations of either or both statutes.

A defendant's constitutional right to equal protection of the laws is not violated by the prosecutor's exercising a discretion in deciding to prosecute or not to prosecute violation of a criminal statute. The fact that this discretion extends to two or more crimes (instead of only one) does not convert this discretion into an unconstitutional delegation of legislative authority, or constitute a denial of the equal protection of the laws, even though the facts to be proven are very similar, and arise from different parts of the same series of actions by the accused defendant.

*State v. Reid*, 66 Wn.2d 243, 247-48, 401 P.2d 988 (1965).

■ Bailey also points to RCW 74.04.300, which provides for a civil penalty if a recipient obtains public assistance for which he is not eligible, contending that the existence of this statute gives the State the impermissible choice of proceeding criminally or civilly. This argument is answered by *Yakima County Clean Air Authority v. Glascam Builders, Inc.*, 85 Wn.2d 255, 260, 534 P.2d 33 (1975): "We hold it is constitutionally permissible to provide for civil or criminal penalties, or both, for the same act."

■ Bailey's second argument is that RCW 74.08.331 invalidly delegates legislative authority to the Department of Social and Health Services because it leaves to the department the determination of the amount to which a recipient is entitled and those items of information which a recipient or applicant must reveal to the department in order to comply with the statute. One may not urge the unconstitutionality of a statute unless he is harmfully affected by the particular feature alleged to be violative of the constitution. *State v. Lundquist*, 60 Wn.2d 397, 401, 374 P.2d 246 (1962); *State v. Sluder*, 11 Wn. App. 8, 10, 521 P.2d 971 (1974).

---

complain because he was charged under a felony carrying a specified maximum penalty instead of a felony for which no maximum penalty is prescribed.

Under this settled rule of law, Bailey, who does not contend that he was entitled to public assistance and in fact stipulated that he was "totally ineligible for public assistance received by him," has no standing to challenge the legislature's delegation of authority.

Judgment affirmed.

FARRIS and ANDERSEN, JJ., concur.