[No. 7185-45297-1. Division One. September 17, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. CLAYTON E. SASS, *Appellant*.

Kristen J. Fluhrer, Public Defender, for appellant.

Russell Juckett, Prosecuting Attorney, and Seth R. Dawson, Deputy, for respondent.

WILLIAMS, J.—Clayton Sass appeals his conviction of welfare fraud under the provisions of RCW 74.08.331 for obtaining personal property (food stamps) while at the same time receiving an award from the Department of Labor and Industries for a permanent partial disability under the workmen's compensation act, which he did not report as income to the Department of Social and Health Services as required. The parties stipulated that Sass did receive the compensation payments while applying for and receiving the food stamps. The court found Sass guilty and he appeals. We affirm.

The first question is whether the disability payments were "income" thus making Sass ineligible for assistance. WAC 388–54–475, promulgated under the

authority of RCW 74.04.510, defines income, for purposes of determining eligibility for food stamps, as including:

(g) An annuity, pension, retirement or disability benefit; veterans', workmen's, or unemployment compensation; and old–age, survivors', or strike benefits;

The payments which Sass received fall under the heading of disability benefit, workmen's compensation, or both. He did not report the income as required. If he had, he would not have been eligible for food stamps. WAC 388–54–470. Thus, his actions constituted fraud under the statute.

The second question is whether the court erred in imposing a 15–year suspended sentence. RCW 74.08.331 provides that persons who commit acts constituting welfare fraud

shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years.

A section of the new criminal code, RCW 9A.56.100, which took effect on July 1, 1976, provides:

Theft and larceny equated. All offenses defined as larcenies outside of this title shall be treated as thefts as provided in this title.

By fixing a 15–year imprisonment penalty, the legislature initially intended that, regardless of the dollar amount involved, those guilty of welfare fraud should be punished the same as for grand larceny—a 15–year sentence. Former RCW 9.54.090. Now, the equivalent is theft in the first degree which is a class B felony, RCW 9A.56.030, calling for a maximum sentence of 10 years. RCW 9A.20.020(b). There is a question whether the legislature, by enacting RCW 9A.56.100, intended to reduce the 15–year punishment in RCW 74.08.331 to 10 years.

■■ Because of the rule that doubts in construction of penal statutes are to be resolved in favor of lenity toward the defendant, *State v. Arndt,* 87 Wn.2d 374, 553 P.2d 1328 (1976), we decide that in the new criminal code the legislature intended that the penalty for the highest degree of

292

theft now be applied to those convicted of welfare fraud, *i.e.,* 10 years, pursuant to RCW 9A.56.030.

The final question is whether the new penalty provisions should be applied to one of the monthly violations which occurred prior to the effective date of RCW 9A.56.100. The information contains only one count of welfare fraud "committed during the months of June, 1976 through August, 1976. . . ." Having charged a single offense, the State cannot successfully argue that the welfare fraud violations are separable for purposes of sentencing.

The judgment is affirmed except that the cause is remanded for resentencing.

FARRIS and ANDERSEN, JJ., concur.

Reconsideration denied December 19, 1979.

Review granted by Supreme Court March 7, 1980.