[No. 6943–8–I.   Division One.   February 19, 1980.]

THE STATE OF WASHINGTON, *Appellant,* v. PAUL HARVEY, SR., *Respondent.*

*Russ Juckett, Prosecuting Attorney,* and *Carl K. Chen, Deputy,* for appellant.

*Kristen J. Fluhrer* of *Snohomish County Public Defender Association,* for respondent.

DORE, J.—The State appeals from a Superior Court order holding that a violation of the public assistance act which amounts to less than $250 charges a crime comparable to theft in the third degree punishable under RCW Title 9A as a gross misdemeanor.

## ISSUE

Does an information charging a defendant with welfare fraud in an amount less than $250 result in a crime comparable to theft in the third degree punishable under RCW Title 9A as a gross misdemeanor by virtue of the enactment of RCW 9A.56.100?

## FACTS

Paul Harvey, Sr., was charged with the crime of welfare fraud. The parties stipulated that the amount Harvey unlawfully received was $206.35, including penalty. The trial court held that since the amount in controversy was less than $250 this amounted to a gross misdemeanor. The State appeals.

No trial has been held in this case and the order entered is not a final order under RAP 2.2. However, this court will consider the notice of appeal a notice for discretionary review and will accept review since a similar issue was considered in *State v. Sass,* 24 Wn. App. 289, 600 P.2d 688 (1979).

DECISION

We agree with the trial court that a violation of the public assistance act of less than $250 is punishable as a gross misdemeanor under RCW 9A.56.100.

The State contends that there is no requirement under RCW 74.08.331 that any particular monetary amount of public assistance be obtained in order for a conviction to result. Thus, if one obtains public assistance to which he is not entitled, the felony has been committed whether the value of that received is $1 or $1,000. We do not agree.

RCW 74.08.331 provides that persons who commit acts constituting welfare fraud "shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years." RCW 9A.56.100, which took effect on July 1, 1976, provides: "All offenses defined as larcenies outside of this title shall be treated as thefts as provided in this title."

█ When the legislature adopted the Washington Criminal Code on July 1, 1976, it failed to specifically repeal or amend RCW 74.08.331, but instead enacted RCW 9A.56-.100 and equated larceny with theft. RCW 9A.04.010(2) provides:

The provisions of this title shall apply to any offense committed on or after July 1, 1976, which is defined in this title or the general statutes, unless otherwise expressly provided or unless the context otherwise requires, and shall also apply to any defense to prosecution for such an offense.

Repeal by implication is not favored. *State v. J-R Distribs., Inc.*, 82 Wn.2d 584, 512 P.2d 1049 (1973). Before a legislative enactment will be found to have been impliedly repealed by a subsequent act, the later legislation must clearly be intended to supersede the prior act. *Copeland Lumber Co. v. Wilkins*, 75 Wn.2d 940, 454 P.2d 821 (1969). If there is to be an implied repeal, the implication must be

clear and necessary and the two acts must be so inconsistent with and repugnant to each other that they are irreconcilable and cannot be given effect. *State v. J–R Distribs., Inc., supra.*

█ RCW 9A.56.100 evidences a legislative intent to repeal by implication that portion of RCW 74.08.331 which relates to the crime of grand larceny and to bring it under the provisions of the new criminal code. The result was to substantially alter the scope and effect of RCW 74.08.331 without changing the language of the statute to reflect that alteration. This results in a repeal by implication. Accordingly, it was proper for the trial court to consider the dollar amount in order to determine what degree of theft the defendant had committed.[1]

A computer search has disclosed 39 statutes which still contain the word "larceny," and no effort has been made by the legislature to correct this obvious conflict. RCW 1.08-.025 permits the code reviser to recommend such changes to the legislature.

█ Further, penal statutes are construed against the State in favor of an accused. *Seattle v. Green,* 51 Wn.2d 871, 322 P.2d 842 (1958); *State v. Thompson,* 38 Wn.2d 774, 232 P.2d 87 (1951).

Affirmed.

CALLOW, C.J., and SWANSON, J., concur.

---

[1]We are aware of the decision in *State v. Sass,* 24 Wn. App. 289, 600 P.2d 688 (1979), which held contrary to this opinion.