[No. 7056–8–I.   Division One.   April 21, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. LARETTA ELISE WARREN, *Appellant*.

*Anna–Mari Sarkanen* of *Seattle–King County Public Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas E. Kelly, Jr., Deputy,* for respondent.

RINGOLD, J.—Laretta E. Warren appeals from a conviction of grand larceny as defined in RCW 74.08.331.[1]

The unchallenged findings of fact show that on June 1, 1976, Warren applied for an aid to dependent children regular (AFDCR) grant. At the time of her application, she stated that the only persons living with her were her two minor children. She was found to be eligible and received monthly payments until December 31, 1977, when she was terminated for failure to notify the Department of Social and Health Services of her remarriage on August 20, 1977. The trial court found that:

> [Warren] received $1,542.26 to which she was not entitled by means of the following willfully false statements:
>
> (1) The statement on March 7, 1977, that the number of people eating in her household had increased by one with the addition of her baby son.
>
> (2) The statement of May 2, 1977 that the number of people eating together in her household totaled four.
>
> (3) The statement of May 14, 1977 that indicated that no one other than she and her three children were living in her home.
>
> (4) The statement of November 30, 1977 that she did not know where Terry Warren was.
>
> (5) The statement of November 30, 1977 that she was not married at that time.

Finding of fact No. 21. The trial court also found that Warren received public assistance to which she was not

---

[1]We recognize that in *State v. Harvey,* 25 Wn. App. 392, 607 P.2d 875 (1980) the court held that because of a repeal by implication, the particular monetary amount of public assistance unlawfully obtained should be considered in determining the degree of "theft" that a defendant has committed. We similarly recognize that *State v. Harvey, supra* is in conflict with *State v. Sass,* 24 Wn. App. 289, 600 P.2d 688 (1979), *review granted,* 93 Wn.2d 1015 (1980), where the court held that a defendant is guilty under RCW 74.08.331 regardless of the dollar amount but that the maximum penalty imposed is now 10 instead of 15 years. Since Warren was found to have received $1,542.26, she was subject to a maximum penalty of 10 years under the reasoning of both *Harvey* and *Sass.*

entitled because of the willful failure to reveal two material facts:

> (1) Terry Warren was residing in [Laretta Warren's] household and eating there from February 20, 1977 through December 31, 1977 and (2) [Laretta Warren] married Terry Warren on August 20, 1977 and continued to be married through December 31, 1977.

Finding of fact No. 22. Warren was also found to have unlawfully received public assistance by means of a willful failure to promptly notify the Department of changes in status affecting her eligibility, namely, that Terry Warren resided in her household from February 20, 1977, through December 31, 1977; that she married Terry Warren on August 20, 1977; and that Terry Warren was working in September 1977. Finding of fact No. 23. Based upon these findings, the trial court concluded that Warren was guilty of grand larceny as defined in RCW 74.08.331.

The sole issue is whether substantial evidence was presented to prove that Warren committed grand larceny under RCW 74.08.331 because she obtained public assistance to which she was not entitled by means of willfully false statements.

RCW 74.08.331 provides in part that:

> Any person who by means of a wilfully false statement, or representation, or impersonation, or a wilful failure to reveal any material fact, condition or circumstance affecting eligibility of need for assistance, . . . as required by law, or a wilful failure to promptly notify the county office in writing as required by law or any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, or any other change in circumstances affecting his eligibility or need for assistance, . . . obtains . . . *any public assistance to which he is not entitled* or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny . . .

(Italics ours.) In *State v. Walters,* 8 Wn. App. 706, 707–08, 508 P.2d 1390 (1973), this statute was analyzed as follows:

[T]he gravamen of the statutory crime is obtaining (or attempting to obtain, or aiding or abetting another to obtain) public assistance to which one is not entitled (or greater public assistance than that to which one is justly entitled) "by means of" one or more of the statutorily condemned devices: (1) willfully false statement . . .; or (2) willful failure to reveal any material fact, condition or circumstance, affecting eligibility or need, as required by law; or (3) willful failure to promptly notify the department as required by law of (A) any change in status in respect to resources, or income, or need, or family composition, etc., or (B) any other change in circumstances affecting eligibility or need for assistance; or (4) other fraudulent device.

*See State v. Jones,* 22 Wn. App. 506, 591 P.2d 816 (1979); *State v. Bailey,* 14 Wn. App. 748, 544 P.2d 778 (1976).

Here, the trial court specifically found in unchallenged finding of fact No. 21 that Warren received public assistance to which she was not entitled by means of five willfully false statements. Warren does not contest that these statements were made, but contends that the State failed to prove that she received public assistance to which she was not entitled because of the false statements. She argues that even though she did not report her remarriage to the Department, there was no showing that this fact affected her eligibility for public assistance, or that she would not have received the same amount of public assistance under another category, such as Aid to Families with Dependent Children, Employable (AFDCE).

■ Under RCW 74.08.331, the State sustains its burden if it presents substantial evidence that the person obtains "any public assistance to which he [or she] is not entitled" by means of "a wilfully false statement." The term "public assistance" is defined in RCW 74.04.005(1) as: "Public aid to persons in need thereof for any cause, including services, medical care, assistance grants, disbursing orders, work relief, general assistance and federal–aid assistance." In sustaining its burden under RCW 74.08.331, the State need not prove that a defendant was ineligible to receive public

assistance under *all* categories. Imposing such a requirement would place an insurmountable burden on the State and is not supported by the language of the statute, which speaks in terms of "*any* public assistance." (Italics ours.)

Here, the State presented uncontradicted evidence that Warren made willfully false statements and that she obtained an AFDCR grant for which she was not eligible because of her remarriage. We hold that this was substantial evidence upon which the trial court could find Warren guilty of grand larceny under RCW 74.08.331. Whether she would have been eligible to receive AFDCE or some other category of public assistance is not within the issues here.

We recognize that Warren became eligible for an AFDCE grant several months after her AFDCR grant was terminated. This fact, however, does not alter our conclusion that the State presented substantial evidence upon which the trial court could find Warren guilty. Warren's claim that the State was required to prove that she would not have received the same amount of public assistance under AFDCE as she did under AFDCR is analogous to a claim of self–defense. In *State v. Roberts,* 88 Wn.2d 337, 562 P.2d 1259 (1977), the court held that once evidence of self–defense is produced, the State has the burden of disproving it beyond a reasonable doubt. *See State v. Stallworth,* 19 Wn. App. 728, 577 P.2d 617 (1978). However, "[w]here no credible evidence appears in the record upon which a claim of self–defense might be based, the burden has been effectively discharged . . ." *State v. Roberts, supra* at 346.

The record here does not contain sufficient evidence as to whether Warren was eligible for AFDCE during the period from August 20, 1977, to December 31, 1977. Simply because Warren was determined to be eligible for AFDCE several months after she was terminated from AFDCR is not sufficient evidence to require the State to prove beyond a reasonable doubt that she was not eligible for AFDCE or, if eligible, would have received a lesser amount. Because

sufficient evidence was not presented as to whether Warren was eligible under a different category of public assistance, the State was not required to prove the absence of such eligibility.

Affirmed.

DORE and DURHAM–DIVELBISS, JJ., concur.

Reconsideration denied May 16, 1980.