PEOPLE v WEAVER (ON REMAND)

Docket No. 51291. Submitted April 17, 1979, at Detroit.—Decided June 11, 1979. Opinion on remand filed June 10, 1980. Leave to appeal applied for.

Ronald G. Weaver was convicted of armed robbery and of two counts of first-degree criminal sexual conduct, Recorder's Court of Detroit, James A. Hathaway, J. His convictions were affirmed by the Court of Appeals in an unpublished per curiam opinion (Docket No. 43863, June 11, 1979). Defendant sought leave to appeal to the Supreme Court which, in lieu of granting leave, vacated the opinion of the Court of Appeals and remanded the case for reconsideration. 408 Mich 906 (1980). On remand, *held:*

1. The trial court's instruction to the jury that it is presumed that a reasonable person intends the ordinary natural consequences of his voluntary act was error but the error was harmless because the defendant's intent was not at issue and the prosecution's case against the defendant was substantial.

2. The two counts of first-degree criminal sexual conduct were based on (1) sexual penetration under circumstances involving another felony, the armed robbery, and (2) sexual penetration occurring while the defendant was armed with a dangerous weapon. A single sexual penetration may give rise to only one charge of first-degree criminal sexual conduct, even though it is accompanied by more than one of the aggravating circumstances enumerated in the first-degree criminal sexual conduct statute. Therefore, one of the defendant's convictions of first-degree criminal sexual conduct is reversed.

Affirmed in part, reversed in part.

1. CRIMINAL LAW — INSTRUCTIONS TO JURY — INTENT — HARMLESS ERROR.

An instruction to a jury that it is presumed that a reasonable person intends the ordinary natural consequences of his voluntary act is constitutionally defective; however, such error will

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error §§ 778, 815.
[2] 21 Am Jur 2d, Criminal Law § 8.
    65 Am Jur 2d, Rape § 41.

not necessitate reversal of a defendant's conviction if it can be said that the error is harmless beyond a reasonable doubt.

2. RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — STATUTES.

   A single sexual penetration which happens to be accompanied by more than one of the aggravating circumstances enumerated in the criminal sexual conduct statute may give rise to only one charge of first-degree criminal sexual conduct (MCL 750.520b[1]; MSA 28.788[2][1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

Ronald G. Weaver, *in propria persona.*

Before: DANHOF, C.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

ON REMAND

PER CURIAM. The defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797, and two counts of first-degree criminal sexual conduct, sexual penetration under circumstances involving the commission of another felony, MCL 750.520b(1)(c); MSA 28.788(2)(1)(c), and sexual penetration occurring when the actor is armed with a dangerous weapon, MCL 750.520b(1)(e); MSA 28.788(2)(1)(e). He was sentenced to concurrent terms of 20 to 30 years imprisonment.

The defendant's convictions were affirmed by this Court in an unpublished per curiam opinion, *People v Weaver* (Docket No. 43863, June 11, 1979). Defendant thereafter sought leave to appeal to the Supreme Court. That application was held

in abeyance pending that Court's decision in *People v Wright,* 408 Mich 1; 289 NW2d 1 (1980). That decision was issued on March 4, 1980. On April 25, 1980, that Court remanded the instant case to the Court of Appeals for reconsideration in light of *People v Wright,* 408 Mich 906 (1980).

In his charge to the jury the trial judge instructed, in part, as follows:

> "It is presumed, members of the jury, that a reasonable person intends the ordinary natural consequences of his voluntary act."

Such a jury instruction is constitutionally defective even in the context of an otherwise completely correct jury charge. *Sandstrom v Montana,* 442 US 510; 99 S Ct 2450; 61 L Ed 2d 39 (1979), *People v Wright, supra,* 20-22. Such error, however, does not automatically dictate reversal of the defendant's convictions.[1] The error will not necessitate reversal if it can be said that the erroneous instruction is "harmless beyond a reasonable doubt". *People v Wright, supra,* 27, citing *Chapman v California,* 386 US 18; 87 S Ct 824; 17 L Ed 2d 705 (1967).

We are convinced beyond a reasonable doubt that the constitutionally erroneous instruction was harmless. We note that intent was not a focal point of inquiry in the instant case and that the prosecution's case against the defendant was substantial. The defense was one of alibi. If the jury believed the testimony of the complainant, the defendant's convictions reasonably followed. Accordingly, this error does not require a reversal of

---

[1] Defendant's conviction for criminal sexual conduct under MCL 750.520b(1)(e); MSA 28.788(2)(1)(e) is not a specific intent offense. Our analysis of the improper jury instruction is, thus, directed only to the defendant's other two convictions.

the defendant's convictions. *People v Wright, supra,* 28-29.

Though beyond the scope of the Supreme Court's remand order, we choose to raise an additional issue *sua sponte.* The record in the instant case discloses that after taking the complainant's wedding ring, the defendant forced her to perform fellatio while he held a gun and a screwdriver. The defendant was convicted of two counts of first-degree criminal sexual conduct. A single sexual penetration which happens to be accompanied by more than one of the aggravating circumstances enumerated in the statute may give rise to only one criminal charge of first-degree criminal sexual conduct for purposes of trial, conviction and sentencing. *People v Willie Johnson,* 406 Mich 320; 279 NW2d 534 (1979), *People v Ashford,* 91 Mich App 693; 283 NW2d 830 (1979). Therefore, we reverse defendant's conviction under MCL 750.520b(1)(e); MSA 28.788(2)(1)(e) and vacate the sentence imposed for that conviction. The defendant's other two convictions are affirmed.

Affirmed in part; reversed in part.