[No. 46786. En Banc. November 26, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. CLAYTON E. SASS, *Petitioner.*

*Peter Rothschild* and *Kristen J. Fluhrer* of *Snohomish County Public Defender Association,* for petitioner.

*Russ Juckett, Prosecuting Attorney,* and *James B. Roche, Deputy,* for respondent.

This opinion was prepared by the late Justice Charles T. Wright. It is adopted by the undersigned Justices as the opinion of this court.

This is an appeal from a welfare fraud conviction. The sole question is what is the appropriate penalty.

We are dealing with a narrow question of law so the discussion of the facts will be brief. Clayton Sass was awarded a $6,000 industrial insurance settlement for a permanent partial disability by the Washington State Department of

Labor and Industries (department). He was notified of the award March 3, 1976. After an initial payment of $2,241 in February, he received $570.40 on June 26, 1976, $567.60 on July 27, 1976, and $564.80 on August 27, 1976.

On June 4, July 1 and August 2, 1976, Sass applied for food stamps for his nonassistance household. As a result, he received food coupons in the sum of $166, $101 and $71 per month, respectively. Sass did not report the department's payments in applying for the food stamps. He later admitted, however, that he knew he was required to do so. Sass was tried without a jury upon stipulated facts. He was found guilty August 4, 1977, of grand larceny, defined by RCW 74.08.331 to include the commission of welfare fraud and the court determined that 15 years was the applicable maximum sentence. On appeal, the Court of Appeals concluded that the legislature intended that the penalty for the highest degree of theft (10 years) now be applied to those convicted of welfare fraud.

RCW 74.08.331 is the welfare fraud statute. It provides in part:

> Any person who by means of a wilfully false statement, or representation, or impersonation, or a wilful failure to reveal any material fact, condition or circumstance affecting eligibility of need for assistance, including medical care, surplus commodities and food stamps, as required by law, . . . obtains, or attempts to obtain . . . any public assistance to which he is not entitled or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years.

RCW Title 9A, the new Washington criminal code (code), became effective July 1, 1976. One provision of the code, RCW 9A.56.100, reads:

> All offenses defined as larcenies outside of this title shall be treated as thefts as provided in this title.

RCW 9A.04.020, which sets forth the legislative intent in enactment of the code states:

(1) The general purposes of the provisions governing the definition of offenses are:

(a) To forbid and prevent conduct that inflicts or threatens substantial harm to individual or public interests;

(b) To safeguard conduct that is without culpability from condemnation as criminal;

(c) To give fair warning of the nature of the conduct declared to constitute an offense;

(d) To differentiate on reasonable grounds between serious and minor offenses, and to prescribe proportionate penalties for each.

(2) The provisions of this title shall be construed according to the fair import of their terms but when the language is susceptible of differing constructions it shall be interpreted to further the general purposes stated in this title.

The phrase "treated as thefts" in RCW 9A.56.100 is significant. These words indicate that the crime of grand larceny has been abrogated and replaced by theft. The conclusion that the theft definitions and penalties prescribed by RCW Title 9A now apply to welfare fraud is bolstered by RCW 9A.04.010(2), which states:

*The provisions of this title shall apply to any offense* committed on or after July 1, 1976, *which is defined in* this title or *the general statutes, unless otherwise expressly provided* or unless the context otherwise requires, and shall also apply to any defense to prosecution for such an offense.

(Italics ours.) Since the welfare fraud statute (RCW 74.08-.331) is a general statute not expressly excluded from the application of RCW Title 9A, the title's provisions should apply to that offense.

The Court of Appeals therefore correctly determined that Sass should be punished for theft. The question is which degree of theft is applicable. Two approaches have been suggested. Under the first approach, since RCW 74.08.331 classifies welfare fraud as grand larceny irrespective of the amount of money involved, and grand larceny is the highest degree of larceny under precode statutes, the appropriate

degree of theft is the highest degree prescribed by RCW Title 9A: first degree theft. Some reasoning supports this approach, as explained by the Court of Appeals in *State v. Sass,* 24 Wn. App. 289, 600 P.2d 688 (1979). However, we reject this approach.

The second approach, which we adopt, is based upon the value of the item stolen. Under that view, the crime in the instant case is second degree theft, as defined in RCW 9A.56.040(1)(a), because the value of the property taken ($314) exceeds $250 but does not exceed $1,500. RCW 9A.56.100 mandates that all non–Title 9A offenses defined as larcenies (including welfare fraud as defined by RCW 74.08.331) "shall be treated as thefts as provided in this title." When welfare fraud is treated as a theft under RCW Title 9A, the proper result is apparent. The offense is second degree theft because of the monetary amount involved.[1] This analysis is employed in *State v. Harvey,* 25 Wn. App. 392, 607 P.2d 875 (1980).

The theft classification system of RCW Title 9A is consistent with the offense definitional provisions' purpose of differentiating "on reasonable grounds between serious and minor offenses," and prescribing "proportionate penalties for each." RCW 9A.04.020(1)(d). While Division One found in *State v. Sass, supra,* that the original policy behind fixing a 15–year sentence regardless of dollar amount was uniform treatment of those committing welfare fraud, this is not the policy behind RCW 9A.56.100, the later enactment.

---

[1]The treatment of thefts in RCW Title 9A takes the monetary value of the assistance wrongfully obtained into account in determining the penalty, including the maximum sentence. Third degree theft—the theft of property or services valued at no more than $250—is a gross misdemeanor (RCW 9A.56.050) for which RCW 9A.20.020(2) establishes a 1–year maximum sentence. Second degree theft, among other things, involves property or services with a value exceeding $250 but not exceeding $1,500. RCW 9A.56.040(1)(a). It is a class C felony (RCW 9A.56-.040(2)) for which a maximum sentence of 5 years is prescribed. RCW 9A.20-.020(1)(c). Finally, first degree theft is defined as the theft of property or services valued at more than $1,500, or of property of any value taken from the person of another. RCW 9A.56.030(1). It is a class B felony (RCW 9A.56.030(2)) for which a 10–year maximum sentence is provided. RCW 9A.20.020(1)(b).

■ RCW 9A.56.100 requires that non–Title 9A larcenies be accorded the varying penalties prescribed for thefts, as evidenced by the statement that they "shall be treated as thefts as provided in this title." Thus RCW 9A.56.100 clearly conflicts with and repeals by implication the language of RCW 74.08.331 which provides the 15–year maximum sentence for welfare fraud. The statutes are so clearly inconsistent with each other that they cannot both be given effect. *Asarco, Inc. v. Air Quality Coalition,* 92 Wn.2d 685, 708, 601 P.2d 501 (1979). The later statute repeals by implication the portion of the prior statute establishing the welfare fraud penalty because it prescribes a different penalty. 1A C. Sands, *Sutherland's Statutes and Statutory Construction* § 23.26, at 270 (4th ed. 1972).

■ Division One also purported to apply the rule of lenity in this case in concluding that the legislature intended that the penalty prescribed for the highest degree of theft (10 years) now be applied to those convicted of welfare fraud. That rule provides that the court should not interpret a criminal statute so as to increase the penalty imposed absent clear evidence of legislative intent to do so. *State v. Wilson,* 25 Wn. App. 891, 894, 611 P.2d 1312 (1980); *State v. Workman,* 90 Wn.2d 443, 454, 584 P.2d 382 (1978). Penal statutes are construed against the State in favor of an accused. *State v. Arndt,* 87 Wn.2d 374, 385, 553 P.2d 1328 (1976); *Seattle v. Green,* 51 Wn.2d 871, 874, 322 P.2d 842 (1958).

Subsequently, in *State v. Harvey, supra,* Division One recognized that its *State v. Sass* interpretation is the more punitive of two possible constructions of RCW 9A.56.100. The *Harvey* court recognized that under the more lenient interpretation the RCW Title 9A theft classifications and penalties based upon the amount of public assistance unlawfully obtained are applicable. The rule of lenity clearly requires the imposition upon Sass of only a 5–year maximum sentence, the appropriate penalty for welfare fraud involving $314. RCW 9A.56.040 and RCW 9A.20-.020(1)(c).

We affirm the conviction of petitioner Sass but modify the same to provide that the crime involved is second degree theft. We remand the matter to the trial court for resentencing.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ.