[No. 6603-0-I.   Division One.   May 11, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY FERNANDEZ, *Appellant.*

*Kempton, Savage & Gossard* and *Anthony Savage,* for appellant (appointed counsel for appeal).

*Norm Maleng, Prosecuting Attorney,* and *Thomas E. Kelly, Deputy,* for respondent.

SWANSON, J.—This case is before us on remand from the Supreme Court for reconsideration of our opinion filed April 7, 1980, and published in 28 Wn. App. 944, 628 P.2d 818 (1980), in light of *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979); *State v. Savage,* 94 Wn.2d 569, 618 P.2d 82 (1980); and *State v. Caldwell,* 94 Wn.2d 614, 618 P.2d 508 (1980).

With regard to *Sandstrom v. Montana, supra,* it is sufficient to point out that we addressed the issue in our original opinion where we distinguished *Sandstrom* on its facts.

Pursuant to the Supreme Court's order of remand, we have examined this case in light of *Savage* and *Caldwell.*

In *State v. Savage, supra,* the defendant was charged with the first degree murder of her husband. The jury was instructed that a violent assault with a dangerous weapon likely to kill, and which does, in fact, kill, the person

attacked, gives rise to a presumption that the assailant intended death or great bodily harm. The Supreme Court held that the instruction was unconstitutional because it did not explain that the defendant's burden was limited to producing merely some evidence to rebut the presumption, and it did not explain that the presumption could be rejected entirely.

In *State v. Caldwell, supra,* the defendant was charged with first degree assault for shooting one man and pistol-whipping another. The jury was instructed, as was the jury in the instant case, that "the law presumes that every man intends the natural and probable consequences of his own acts." *Caldwell,* at 616. The instruction was held to be unconstitutional on the basis of *Sandstrom v. Montana, supra.*

In both *Savage* and *Caldwell* the court rejected the possibility that the error was harmless. The standard to be applied in making that determination was set out in *Caldwell,* at page 618:

> The constitutional error cannot be declared harmless unless it was "harmless beyond a reasonable doubt.'" *State v. Stephens* [93 Wn.2d 186, 607 P.2d 304 (1980)] *supra* at 191. An error in instructions is harmless only if it "in no way affected the final outcome of the case." *State v. Wanrow,* 88 Wn.2d 221, 237, 559 P.2d 548 (1977); *State v. Golladay,* 78 Wn.2d 121, 139, 470 P.2d 191 (1970).

Applying that standard to the trial of Fernandez, we conclude that the error in giving the instruction was harmless beyond a reasonable doubt. The instruction did not operate to relieve the State of its burden of proving the element of intent. The State's evidence relating to intent, although circumstantial, as is most evidence relating to the defendant's mental state, was substantial and was closely tied to its evidence of motive: Fernandez was the beneficiary of life insurance policies on his wife's life; he forged her signature to one of the policies, making himself beneficiary, without her knowledge; he was having an affair, and

the marriage was unhappy; he attempted to secure a false affidavit from a witness to the effect that the witness saw the motor home in which the accident allegedly happened and had observed that the wheels were "wobbly"; and twice in the past Fernandez had attempted similar schemes involving mishaps in remote areas and forged documents.

Moreover, unlike *Savage, Caldwell,* and *Sandstrom,* the instruction did not relate to any specific act of the defendant's at issue in the case. In fact, although intent was an element of the crime on which the State offered evidence, it was not a contested issue. The defense theory, from the beginning of the trial and consistently throughout, was that the death of Mrs. Fernandez was an accident.

Were this a case like the hypothetical case suggested in Fernandez' supplemental brief, wherein the defendant claimed he killed his wife in anger, but unintentionally and without premeditation, and then faked an accident in a moment of panic, we probably could not say that the error could not have affected the result. However, this is not such a case. Rather, it is similar to *People v. Weaver,* 98 Mich. App. 589, 296 N.W.2d 205 (1980), cited by the State in its supplemental brief. In *Weaver,* an instruction very similar to that at issue here, and held to be unconstitutional by the Michigan Supreme Court, was held to be harmless error. The court stated:

> We are convinced beyond a reasonable doubt that the constitutionally erroneous instruction was harmless. We note that intent was not a focal point of inquiry in the instant case and that the prosecution's case against the defendant was substantial. The defense was one of alibi. If the jury believed the testimony of the complainant, the defendant's convictions reasonably followed. Accordingly, this error does not require a reversal of the defendant's convictions.

*People v. Weaver, supra* at 591–92.

Similarly, in this case, intent was not a disputed issue. Fernandez' defense was totally unrelated to the element of intent. The instruction was superfluous and irrelevant. It should not have been given. But it was harmless because it

was irrelevant to any issue in the case. It could not have affected the final outcome of the case because it did not relate to any act of the defendant's at issue and it did not relieve the State of its burden to produce substantial evidence on the element of intent.

We adhere to the decision reached in our opinion filed in this cause.

JAMES, C.J., and CALLOW, J., concur.

Reconsideration denied June 4, 1981.

Review denied by Supreme Court September 25, 1981.