[No. 10351–2–I.   Division One.   May 5, 1982.]

THE STATE OF WASHINGTON, *on the Relation of Norm Maleng, Respondent*, v. AUKEEN DISTRICT COURT, ET AL, *Appellants*.

*Jeremy Randolph,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Matthew Coyle, Assistant; Norm Maleng, Prosecuting Attorney,* and *Douglas Whalley, Ricardo Martinez,* and *Alan S. Paja, Deputies,* for respondent.

CORBETT, J.—Defendants, prosecuted for possessing alcoholic beverages, appeal a superior court judgment remanding their consolidated cases to the district court for trial.

Each of the defendants purchased bottled alcoholic beverages from the Muckleshoot Indian Liquor Store, which is located within the Muckleshoot Indian Reservation. They transported the alcoholic beverages to some point outside the reservation and within the jurisdiction of the Aukeen District Court. They were there arrested and charged with a violation of RCW 66.44.160, which provides:

> Illegal possession, transportation of alcoholic beverages. Except as otherwise provided in this title, any person who has or keeps or transports alcoholic beverages other than those purchased from the board, a state liquor store, or some person authorized by the board to sell them, shall be guilty of a violation of this title.

The charges were dismissed before trial by the Aukeen

District Court judge. He apparently held that the statute did not prohibit possession of alcoholic beverages which had been lawfully purchased on an Indian reservation. The State sought and obtained a writ of certiorari from the superior court which concluded that the Muckleshoot Indian Tribe and its liquor store are not persons "authorized by the board" to sell liquor within the meaning of RCW 66.44.160, and remanded the cause to the Aukeen District Court for trial. It is this order of the superior court that we are asked to review.

The defendants contend that RCW 66.44.160 must be construed so as to include the tribe among those authorized by the State Liquor Control Board to sell liquor. They argue that the tribal ordinance authorizing liquor sales permits them to be made without reference to the ultimate destination of the liquor and because the ordinance was enacted pursuant to tribal law and federal statute, it should be construed in pari materia with RCW 66.44.160, so that both are given effect. The defendants also assert that the tribe's federally approved liquor enterprise cannot be placed in the same category as bootlegging, which the statute was intended to prevent.

■ When the language of a statute is clear and unambiguous, there is no room for judicial interpretation. *Automobile Drivers Local 882 v. Department of Retirement Sys.*, 92 Wn.2d 415, 420, 598 P.2d 379 (1979), *appeal dismissed*, 444 U.S. 1040 (1980). The defendants did not assign error to any of the trial court's findings of fact, including the finding that:

> The Muckleshoot Indian Tribe does not have a state liquor license permitting it to retail alcoholic beverages by the bottle. The Muckleshoot Indian Liquor Store is not a state liquor store, and the tribe has not otherwise applied for or been authorized to sell alcoholic beverages by the Liquor Control Board.

Under these facts, possession of the liquor by the defendants violated the plain language of RCW 66.44.160. Defendants are correct in asserting that penal statutes are

to be construed against the State and in favor of an accused, *State v. Sass,* 94 Wn.2d 721, 726, 620 P.2d 79 (1980), but that rule presupposes the existence of a statutory ambiguity, which is not present here. The so-called rule of lenity "serves only as an aid for resolving an ambiguity; it is not to be used to beget one." *Albernaz v. United States,* 450 U.S. 333, 342, 67 L. Ed. 2d 275, 101 S. Ct. 1137 (1981).

The defendants also appear to suggest that the supremacy clause of article 6 of the United States Constitution prohibits the State from enforcing RCW 66.44.160 against those who purchase alcoholic beverages pursuant to the tribal ordinance, which was approved by the Bureau of Indian Affairs, certified by the Secretary of the Interior, and duly published in the Federal Register, all in accordance with federal law. They rely heavily upon an unpublished decision by Judge Donald S. Voorhees, Muckleshoot Indian Tribe v. State of Washington, No. C78–783V (W.D. Wash. March 9, 1979), which is not in the record before us, and which is apparently on appeal to the United States Court of Appeals for the Ninth Circuit. It is undisputed that Judge Voorhees enjoined the State from interfering with the transportation of liquor in the state on its way *to* a tribal liquor store, but did not deal with the State's ability to enforce its liquor laws against purchasers of liquor at retail from the Muckleshoot Indian Tribe. The tribal ordinance and RCW 66.44.160 are not in conflict. Accordingly, the trial court property rejected the defendants' supremacy clause argument.

Our holding is relatively narrow. The defendants did not request us to consider the impact of RCW 66.44.160 upon Indian commerce, the effect of the Twenty–First Amendment in balance against the commerce clause of article 1, section 8 of the United States Constitution, or the effect of federal statutes permitting the sale of alcoholic beverages on Indian reservations. The record before us is not adequate for the consideration of these issues.

■ The Superior Court correctly interpreted the statute to prohibit the possession outside the reservation of alcoholic beverages that were purchased on the Indian reservation. The cases must be remanded for trial.

Affirmed.

ANDERSEN, C.J., and SWANSON, J., concur.