[No. 16156-3-I.   Division One.   May 13, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. MARSHA
TYLER, *Appellant*.

*Mark W. Muenster* and *Rita Joan Griffith* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Bonnie J.*

*Canada–Thurston, Deputy,* for respondent.

RINGOLD, A.C.J.—The defendant, Marsha Tyler, was found guilty by a jury of first degree theft. She appeals the judgment and sentence imposed, contending that the trial court erred by not submitting an instruction defining "intent." We agree and accordingly reverse.

In November 1982, a Department of Social and Health Services (DSHS) financial service technician told Tyler that in order to receive public assistance, she had to report the amount of any unemployment compensation she received. At the time, Tyler acknowledged that she understood this requirement. Later she received unemployment compensation without informing DSHS. She also signed three public assistance forms, denying in each that she received unemployment compensation. Tyler told two DSHS investigators that she did not know that she was required to report her receipt of unemployment compensation.

Tyler has a ninth grade education and she testified that she had difficulty understanding the forms she signed and did not know that she was required to report her receipt of unemployment compensation. She specifically denied that she intended to commit a crime or defraud the State.

The jury was instructed, in pertinent part, as follows:

> To convict the defendant, Marsha Lee Tyler, of the crime of theft in the first degree (by fraudulently obtaining public assistance), each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> . . .
>
> (3) That the defendant did obtain said public assistance to which she was not entitled by means of one or more of the following:
>
> (a) A wilfully false statement or representation affecting her eligibility or need for assistance; OR
>
> (b) A wilful failure to reveal a material fact, condition or circumstance affecting her eligibility or need for assistance; OR
>
> (c) A wilful failure to promptly notify the county office in writing as required by law of a change in status in respect to resources or income, or need, or

family composition, money contribution or other support affecting her eligibility or need for public assistance;

(4) That the defendant's act or omission was done with intent to deprive or defraud the State of Washington . . .

Instruction 7.

The requirement that the offense be committed willfully is satisfied if a person acts knowingly with respect to the material elements of the offense.

A person knows or acts knowingly or with knowledge when he or she is aware of a fact, facts, or circumstances or results described in a statute defining an offense. You may consider evidence that a person has information which would lead an ordinary person in the same situation to believe that the relevant facts exist, but such evidence may be used by you only to help you decide whether the person had actual knowledge or not.

Instruction 4.

Tyler did not propose an instruction defining "intent" or object to the trial court's failure to submit such an instruction. The jury indicated that they were confused as to the meaning of intent. During deliberations, the jury submitted three questions to the trial court as follows:

[4:30 p.m.] The jury appears to be unable to reach an unanimous decision.

It may help if instruction No. 4 be reworded to clarify how to judge "intention."

Answer: I cannot instruct further.

[4:35 p.m.] Previous question as in regard to Instruction No. 7, item 4. What is required to prove intention?

[4:40 p.m.] If answer is the same, how long should we continue.

Answer: Yes.

## FAILURE OF THE TRIAL COURT
## TO DEFINE "INTENT"

The State concedes that a jury must be instructed on each element of the crime. *State v. Emmanuel,* 42 Wn.2d 799, 819, 259 P.2d 845 (1953); *State v. Allen,* 101 Wn.2d 355, 358, 678 P.2d 798 (1984). The trial court defined both "willfully" and "knowingly." The State argues, therefore,

that the jury was sufficiently instructed with respect to all elements of the crime.

Initially Tyler was charged with violating RCW 9A.56-.030, the first degree theft statute, and RCW 74.08.331,[1] defining welfare fraud. RCW 74.08.331 declares that any person committing welfare fraud is "guilty of grand larceny". The welfare fraud statute speaks of willful acts and does not mention "intent" as an element. The Supreme Court, however, has held that "the theft definitions and penalties prescribed by RCW Title 9A now apply to welfare fraud . . ." *State v. Sass,* 94 Wn.2d 721, 724, 620 P.2d 79 (1980). Thus, the requirement of intent to deprive contained in RCW 9A.56.020 now applies to welfare fraud. *See Sass.*

The law of the case is reflected in instruction 7, the "to convict" instruction, which charged the defendant with *theft in the first degree.* RCW 9A.56.020(1) states: "'Theft' means: . . . (b) By color or aid of deception to obtain control over the property or services of another or the value thereof, with intent to deprive him of such property or services . . ." Instruction 7 specifically required the jury to find that Tyler's "act or omission was done with intent to deprive or defraud the State of Washington . . ." in order to return a guilty verdict.

When an element of a crime is defined in a jury instruction with technical words or expressions which have

---

[1]RCW 74.08.331 provides in pertinent part:

"Any person who by means of a wilfully false statement, or representation, or impersonation, or a wilful failure to reveal any material fact, condition or circumstance affecting eligibility of need for assistance, including medical care, surplus commodities and food stamps, as required by law, or a wilful failure to promptly notify the county office in writing as required by law or any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, or any other change in circumstances affecting his eligibility or need for assistance, or other fraudulent device, obtains, or attempts to obtain, or aids or abets any person to obtain any public assistance to which he is not entitled or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years."

a legal meaning that may differ from the common dictionary definition, the words should be defined in the jury instructions. *State v. Allen, supra* at 358. "An instruction, when requested, defining intent in the words of RCW 9A.08.010(1)(a), is required when intent is an element of the crime charged." *Allen,* at 362.

### CONSTITUTIONAL MAGNITUDE

The State next contends that the failure to define "intent" is not an error of constitutional magnitude. Thus the State argues that Tyler waived any claim of error by failing to request an appropriate instruction.

On the issue of whether a failure to define an element constitutes an error of constitutional magnitude, in *State v. Pawling,* 23 Wn. App. 226, 232–33, 597 P.2d 1367, *review denied,* 92 Wn.2d 1035 (1979), this court stated:

> The constitutional requirement is only that the jury be instructed as to each element of the offense charged. . . . The failure of the court . . . to define further one of those elements is not within the ambit of the constitutional rule.

*Pawling* was later read, however, "as being limited to those instances where the element not instructed upon is one of common understanding." *State v. Davis,* 27 Wn. App. 498, 505, 618 P.2d 1034 (1980).

In *State v. Bledsoe,* 33 Wn. App. 720, 658 P.2d 674, *review denied,* 99 Wn.2d 1019 (1983), the court held that the failure to define intent in the trial court's instruction was not an error of constitutional magnitude because that term is commonly understood. *Bledsoe,* at 726–27. Subsequently, however, in *Allen,* the Supreme Court held that the statutorily defined mental state of "intent" has a technical meaning, and that it should be defined for the jury. *Allen,* at 361–62. The *Allen* court did not, however, consider whether failure to define a term is constitutional error, holding simply that the definition of these terms must be given when requested by the defendant.

In *State v. Boot,* 40 Wn. App. 215, 697 P.2d 1034 (1985),

this court considered the preceding line of cases, and concluded "it would be constitutional error to fail to define intent." *Boot,* at 218. This statement was dicta, however, because Boot had requested the instruction. *Boot,* at 218. Nevertheless, the court drew the logical conclusion, based upon prior case law, that the failure to instruct on the definition of intent constitutes a constitutional error that can be raised for the first time on appeal. We so hold.

## HARMLESS ERROR

■ The remaining issue then is whether it was harmless error to refuse to give the instruction. This type of error can be harmless. *See Boot; Bledsoe; State v. Fernandez,* 29 Wn. App. 278, 281, 628 P.2d 827, *review denied,* 96 Wn.2d 1003 (1981). These cases held that the failure to define intent was harmless error because the defendant's theory of defense did not involve the element of intent. *See, e.g., Boot,* at 218 (theory of defense misidentification). Here, however, Tyler's sole defense is that she did not *intend* to defraud the State. She admits to having done the necessary acts, but argues that she did not have the requisite culpability.

The jury twice requested that the trial court give it a definition of "intent" or "intention". The jury's confusion required some action by the trial court other than that taken. Even if originally no request was made when the questions were submitted to the court by the jury, due process and a fair trial would require the court, sua sponte, to resolve the jury's confusion. The error could not be held harmless.

Accordingly, we reverse and remand for a new trial.

WEBSTER, J., concurs.

WILLIAMS, J.—I dissent. The kind of culpability required for theft by welfare fraud is "knowledge." *State v. Wallace,* 97 Wn.2d 846, 849–50, 651 P.2d 201 (1982). The definition of "knowledge" comporting with RCW 9A.08.010(1)(b) was given in instruction 4.

654

An additional element of theft by welfare fraud required by *State v. Sass,* 94 Wn.2d 721, 620 P.2d 79 (1980) and instruction 7 is intent to deprive. Tyler did not request an instruction defining intent or object to the trial court's not submitting such an instruction. *State v. Allen,* 101 Wn.2d 355, 362, 678 P.2d 798 (1984), relied upon by the majority, concludes:

> An instruction, *when requested,* defining intent in the words of RCW 9A.08.010(1)(a), is required when intent is an element of the crime charged.

(Italics mine.)

I believe the jury was suitably instructed, in language commonly understood, on the kind of culpability involved and the judgment should be affirmed.