[No. 22537–5–I.   Division One.   October 9, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLETTE N. DELCAMBRE, ET AL, *Appellants.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Lloyd Corgan, Deputy,* for respondent.

FORREST, J.—Charlette and Nolan Delcambre appeal from their convictions of theft in the first degree by means of welfare fraud, alleging that the information filed against them was constitutionally defective. The Delcambres waived their right to a jury trial and were convicted on stipulated facts. Their motion for arrest of judgment, asserting the defect in the information, was denied and they appeal. We affirm.

■ The Delcambres argue that the absence of an allegation of an "intent to deprive" in the information makes the information constitutionally defective because it fails to charge each "specified element of a statutory crime". *State v. Holt.*[1] The information[2] in this case charged substantially in the language of the welfare fraud statute, RCW 74.08.331. This statute does not contain an element of "intent to deprive." They claim that the Supreme Court has held that the theft definitions and penalties prescribed by RCW Title 9A now apply to welfare fraud. *State v. Sass.*[3] *Sass* dealt with RCW 9A.56.100, which reads:

> All offenses defined as larcenies outside of this title shall be treated as thefts as provided in this title.

Since RCW 74.08.331 made the welfare fraud offense one of "grand larceny", the court held that the theft penalty defined in RCW 9A.56.040(1) applied. "The conclusion [is]

---

[1] 104 Wn.2d 315, 319, 704 P.2d 1189 (1985).

[2] "I, Norm Maleng, Prosecuting Attorney for King County, in the name and by the authority of the State of Washington, by this Information do accuse Charlette Delcambre, AKA Charlette Brown, and Nolan Delcambre and each of them of the crime of THEFT IN THE FIRST DEGREE (WELFARE FRAUD), committed as follows:

"That the defendant, Charlette Nadine Delcambre, in King County, Washington, during a period of time between July 9, 1983, and February 28, 1986, by means of a wilfully false statement, or representation, or impersonation, and a wilful failure to reveal any material fact, condition or circumstance affecting eligibility or need for assistance, including medical care, surplus commodities and food stamps, as required by law, and a wilful failure to notify promptly the county office in writing as required by law of any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, or any other change in circumstances affecting her eligibility or need for assistance, and other fraudulent device, did obtain public assistance from the Department of Social and Health Services in excess of $1500 to which she was not entitled; and that the defendant, Nolan Delcambre in King County, Washington during a period of time between July 9, 1983 and February 28, 1986 did aid and abet Defendant Charlette Nadine Delcambre to obtain public assistance from the Department of Social and Health Services in excess of $1500.00 to which she was not entitled.

"Contrary to RCW 9A.56.030 and 74.08.331, and against the peace and dignity of the State of Washington."

[3] 94 Wn.2d 721, 620 P.2d 79 (1980).

that the theft definitions and penalties prescribed by RCW Title 9A now apply to welfare fraud . . ." *Sass,* at 724. We emphasize that this was a penalty case, not an elements case. The Delcambres take the language out of context. The definitions referred to are those dealing with the degrees of theft and the resulting penalties, not with the substantive elements of welfare fraud. Nothing in the opinion holds that only theft can be charged and that welfare fraud as defined in RCW 74.08.331 is no longer a crime. Indeed the conviction for violation of RCW 74.08.331 is affirmed; only the sentence is modified.

There are different ways to commit theft. RCW 9A.56-.020(1) provides:

(1) "Theft" means:
(a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services; or
(b) By color or aid of deception to obtain control over the property or services of another or the value thereof, with intent to deprive him of such property or services; or
(c) To appropriate lost or misdelivered property or services of another, or the value thereof, with intent to deprive him of such property or services.

We interpret *Sass* to effectively add a new subsection (d), with the elements of welfare fraud constituting another way to commit theft. The theft definitions of RCW 9A.56.020(1) are carefully drawn and it is not appropriate or necessary to extract the one phrase "with intent to deprive" from those definitions and to implant it unnecessarily in RCW 74.08-.331.[4]

Welfare fraud was not repealed by RCW Title 9A. It remains a substantive crime; the penalties for which are determined in accordance with the degrees of theft. We have recently held that charging in the language of the

---

[4]In this connection, we note the welfare fraud statute is unusual in that it is not necessary for one to actually gain control of the property in question in order to commit the offense. It is sufficient to "obtain, or *attempts* to obtain" public assistance. (Italics ours.) While attempt is normally a separate crime, in this statute an attempt is merely one way of committing the crime.

684

statute is sufficient. *State v. Komok*;[5] *see also State v. Grant*;[6] *State v. Bower*;[7] *State v. Smith.*[8] *But see State v. Nieblas–Duarte.*[9]

■ Delcambres also rely on *State v. Tyler*[10] as requiring that "intent" be charged. However, *Tyler* is an instruction case, not a challenge to the information case.[11] The information here charged the Delcambres that "by means of a wilfully false statement, . . . and a wilful failure to reveal any material fact, . . . and a wilful failure to notify promptly . . . of any change in status did obtain public assistance . . . to which she was not entitled . . ." We are satisfied that this includes the statutory elements of the

---

[5] 54 Wn. App. 110, 772 P.2d 539, *review granted*, 113 Wn.2d 1006 (1989).

[6] 89 Wn.2d 678, 575 P.2d 210 (1978).

[7] 28 Wn. App. 704, 626 P.2d 39 (1981).

[8] 49 Wn. App. 596, 744 P.2d 1096 (1987), *review denied*, 110 Wn.2d 1007 (1988).

[9] 55 Wn. App. 376, 777 P.2d 583 (1989). *Nieblas–Duarte* holds that in evaluating the constitutionality of an information pursuant to *State v. Holt, supra*, it is irrelevant whether an omitted element is statutorily required or has been established by the court. If missing, the case must be dismissed regardless of lack of prejudice or failure to raise the issue at trial. While this appears to be inconsistent with *State v. Komok, supra*, we do not need to resolve this conflict because it is our view that welfare fraud, as defined in RCW 74.08.331, constitutes a substantive crime and that no required element has been omitted, although various definitions may be required in properly instructing the jury.

[10] 47 Wn. App. 648, 736 P.2d 1090 (1987).

[11] We recognize that *Tyler* interprets *Sass* to add the requirement of intent to deprive to welfare fraud and to require a jury instruction defining intent. For the reasons stated above, we do not read *Sass* to require that an information charging welfare fraud must include an allegation of intent to deprive. The failure to include legal definitions does not alone render an information defective. *State v. Smith*, 49 Wn. App. at 599. Extending the *Tyler* holding as to instructions to informations is highly inappropriate because of the vastly different consequences following *Holt*: dismissal versus retrial.

crime and apprises the defendants with reasonable certainty of the nature of the accusation. *State v. Komok, supra; State v. Jeske.*[12]
Affirmed.

GROSSE, A.C.J., and SCHOLFIELD, J., concur.

Review granted at 114 Wn.2d 1001 (1990).

---

[12]87 Wn.2d 760, 558 P.2d 162 (1976).