[No. 56683-6.   En Banc.   February 21, 1991.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLETTE N. DELCAMBRE, ET AL, *Petitioners.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for petitioners.

*Norm Maleng, Prosecuting Attorney,* and *Lloyd Corgan, Deputy,* for respondent.

UTTER, J.—Charlette and Nolan Delcambre petitioned for review of a Court of Appeals decision affirming their convictions of theft in the first degree by welfare fraud. They claim the information charging them with the crime was constitutionally defective because it failed to allege "intent to deprive" as an essential element of the crime. We hold that "intent to deprive" is not an element of the crime of welfare fraud, and affirm the petitioners' convictions.

Charlette and Nolan Delcambre, wife and husband, were charged by information with theft in the first degree by welfare fraud. The information alleged the crime in the language of the welfare fraud statute, RCW 74.08.331, and the first degree theft statute, RCW 9A.56.030.

Petitioners waived their right to a jury trial. The case was tried to the court on the basis of stipulated exhibits. The court found petitioners guilty.

Petitioners moved to arrest the judgment on the grounds that the information failed to set out the essential element of intent to deprive, and was, therefore, fatally defective.

The court denied the motion and entered judgment and sentence.

The court then allowed a new motion in arrest of judgment. After reargument, the court again denied the motion.

Petitioners appealed to the Court of Appeals which affirmed their convictions. *State v. Delcambre,* 55 Wn. App. 681, 779 P.2d 1166 (1989).

RCW 74.08.331 defines the crime of welfare fraud. This statute provides in part:

> Any person who by means of a wilfully false statement, or representation, or impersonation, or a wilful failure to reveal any material fact, condition or circumstance affecting eligibility of need for assistance, including medical care, surplus commodities and food stamps, as required by law, or a wilful failure to promptly notify the county office in writing as required by law or [*sic*] any change in status in respect to resources, or income, or need, or family composition, money contribution and other support, from whatever source derived, or any other change in circumstances affecting his eligibility or need for assistance, or other fraudulent device, obtains, or attempts to obtain, or aids or abets any person to obtain any public assistance to which he is not entitled or greater public assistance than that to which he is justly entitled shall be guilty of grand larceny and upon conviction thereof shall be punished by imprisonment in the state penitentiary for not more than fifteen years.

RCW 9A.56.100 provides that all offenses defined as larcenies elsewhere will be treated as thefts under RCW Title 9A. This provision impliedly repealed the portion of RCW 74.08.331 making welfare fraud grand larceny and providing for a specific punishment. *State v. Sass,* 94 Wn.2d 721, 726, 620 P.2d 79 (1980). The crime of welfare fraud is now a theft, the degree of which depends upon the monetary amount involved. *Sass,* 94 Wn.2d at 725.

Petitioners argue that language in *Sass* that the theft definitions and penalties in RCW Title 9A apply to welfare fraud makes the theft definitions of RCW 9A.56.020 essential elements of welfare fraud. RCW 9A.56.020 defines theft by taking, by deception, and by possession, all of which require "intent to deprive" as the requisite state of mind

for the commission of the crime. Thus, the petitioners conclude that "intent to deprive" is an essential element of welfare fraud because it is an essential element of theft. *See State v. Komok,* 113 Wn.2d 810, 783 P.2d 1061 (1989) ("intent to deprive" essential element of theft).

The Court of Appeals so held in *State v. Tyler,* 47 Wn. App. 648, 736 P.2d 1090 (1987). In that case, the defendant assigned error to the failure of the trial judge to define "intent" in the jury instructions. The jury was instructed that the defendant's act or omission must have been done with intent to deprive or defraud the State. The term "intent" was not defined. The Court of Appeals interpreted the holding of *Sass* to mean that the requirement of "intent to deprive" contained in RCW 9A.56.020 is an element of welfare fraud, although not mentioned in RCW 74.08.331. *Tyler,* 47 Wn. App. at 651. The court required the trial court to define intent in the jury instructions because the jury must be instructed on each element of the crime.

Petitioners rely on *Tyler,* arguing that all essential elements of a crime must be alleged in the information as well as included in the jury instructions. Even if petitioners' argument is correct, which we do not now decide, they would still lose. For reasons we will expand upon, intent to deprive is not an essential element in their case.

█ *Tyler* conflicts with precedent of this court insofar as it holds that "intent to deprive" is an essential element of welfare fraud. In *State v. Holmes,* 98 Wn.2d 590, 597, 657 P.2d 770 (1983), decided after *Sass,* this court said that "intent to deprive" is not an element of the welfare fraud statute. The State need only prove that the defendant made a willfully false statement or material omission which resulted in overpayment. *Holmes,* 98 Wn.2d at 597.

In *State v. Wallace,* 97 Wn.2d 846, 854, 651 P.2d 201 (1982), also decided after *Sass,* this court stated that the requisite mental state for welfare fraud is knowledge because the statute requires a person to act in a "willful" manner, which is equivalent to the present mental state of knowledge. No mention is made of "intent to deprive".

RCW 74.08.331 provides that welfare fraud can be committed by means of a *willfully* false statement, a *willful* failure to reveal, or a *willful* failure to notify. RCW 9A.08-.010(4) provides:

> A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears.

On the face of the welfare fraud statute, then, the requisite mental state is knowledge, not intent. RCW 9A.56.100, providing that larcenies shall be treated as thefts, does not plainly indicate a purpose to impose a different mental state.

Petitioners argue that since an essential element of larceny was "intent to deprive", the application of RCW 9A.56.100 to RCW 74.08.331 did not change the essential elements. However, just as welfare fraud now has borrowed only the penalties for theft, the welfare fraud statute borrowed only the penalty for grand larceny and not the elements.

A recent case from Kansas is instructive on this issue. In *State v. Micheaux,* 242 Kan. 192, 747 P.2d 784 (1987), the appellant was convicted of welfare fraud and appealed on the ground that the information failed to allege a crime because it omitted "intent to deprive". Kansas' welfare fraud statute is similar to Washington's and states in relevant part:

> Any person who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by impersonation, collusion, or other fraudulent device, assistance to which the applicant or client is not entitled, shall be guilty of the crime of theft, as defined by K.S.A. 21–3701 . . ..

Kan. Stat. Ann. § 39–720 (1986). Kan. Stat. Ann. § 21–3701 defines theft as including "intent to deprive". *Micheaux,* at 193. The court stated the general principles governing the sufficiency of informations and noted that if a specific intent is part of the offense, that intent must be alleged in the information. *Micheaux,* at 198. The court held that the

information was sufficient because, although the welfare fraud statute referred to the theft statute, welfare fraud is a distinct and independent crime from the crime of theft. The court reasoned that the language of the statute required that result because a person may be guilty of welfare fraud, even though no actual theft of property is involved, because of the inclusion of the attempt language. *Micheaux,* at 201. The legislative intent was to make a charge of welfare fraud an independent crime and that the purpose of referring to the theft statute was simply to include welfare fraud in the general category of theft offenses and to carry the same penalties as theft. *Micheaux,* at 200. Thus, the State need neither allege nor prove an "intent to deprive". Once a fraudulent act such as described in the statute is committed, the crime is complete. *Micheaux,* at 202.

*Micheaux* parallels the case at bench. RCW 74.08.331 contains similar language and refers to the theft statute by virtue of RCW 9A.56.100. Since welfare fraud is contained in a statute separate from the theft provisions, the Legislature intended it to be a distinct crime, and not simply another means of committing theft by deception. RCW 74.08.331 is an independent, substantive crime with its essential elements adequately set out within its language. Its relation to the theft provisions of RCW 9A.56 is limited to the determination of the penalty.

This is supported by the fact that RCW 74.08.331 includes attempt to commit welfare fraud. Yet, the theft provisions of RCW 9A.56 require that the offender obtain actual control over the property or services. Attempted theft is governed by an entirely different statute than RCW 9A.56. *See* RCW 9A.28.020.

Other evidence that welfare fraud was intended to be a separate, substantive crime is that while first and second degree theft are felonies, third degree theft is a misdemeanor. RCW 9A.56.050. The legislative history of RCW 74.08.331 indicates that the intent of the Legislature was to make welfare fraud and its attempt a felony. Thus, the

statute provided that welfare fraud would be grand larceny, and not various degrees of larceny depending upon value. See memorandum to Governor Daniel J. Evans from Walt Howe (Mar. 30, 1965) (regarding House Bill 264) (because the predecessor to RCW 74.08.331 "failed to specify the type of larceny involved" and "[s]ome prosecutors were reluctant to charge recipients when the conviction could only result in a gross misdemeanor," the Legislature intended to "leave no doubt that [the new welfare fraud statute] covers all forms of public assistance and changes the crime to grand larceny. . . ."). (Memorandum on file at Wash. State Archives).

This legislative intent was apparent in the Sentencing Reform Act of 1981 (SRA). The SRA ranked welfare fraud in the seriousness level table as a level 2, along with first degree theft. RCW 9.94A.320. Thus, welfare fraud was equivalent to first degree theft, a class B felony, and no other degree of theft. This would seem to abrogate the holding of *Sass* that welfare fraud corresponds to the different degrees of theft. However, the Legislature amended the SRA in 1986 and deleted welfare fraud from the seriousness level table altogether. This suggests that the Legislature has now accepted the *Sass* interpretation of the penalties for welfare fraud.

We interpret *Sass* to mean that only the penalties of theft now apply to welfare fraud. The issue in *Sass* was the appropriate remedy, not the substantive elements. *Sass* did not intend to incorporate the substantive elements of the theft crimes into the welfare fraud statute. The Court of Appeals in *Tyler* construed *Sass* far too broadly. If welfare fraud is considered to be simply another form of theft by deception, then there is no purpose to having a separate statute defining the crime of welfare fraud and the means of committing it.

■■ Knowledge is the requisite mental state for welfare fraud. This mental state is contained in the welfare fraud statute in the use of the terms willful and willfully. It

is sufficient to charge the crime in the language of the statute if the statute defines the crime sufficiently to apprise an accused person with reasonable certainty of the nature of the accusation. *State v. Leach,* 113 Wn.2d 679, 686, 782 P.2d 552 (1989); *State v. Grant,* 89 Wn.2d 678, 686, 575 P.2d 210 (1978) (information must apprise defendants with reasonable certainty of the nature of the accusation against them so they may prepare an adequate defense). Accordingly, an information that charges welfare fraud in the language of the statute, plus the monetary amount involved to determine the penalty, apprises a defendant with reasonable certainty of the charge against him. *See State v. Bryce,* 41 Wn. App. 802, 806, 707 P.2d 694 (1985) (amount of overpayment of public assistance element of crime of welfare fraud); *State v. Brisebois,* 39 Wn. App. 156, 161, 692 P.2d 842 (1984) (total amount of overpayment element of crime of welfare fraud), *review denied,* 103 Wn.2d 1023 (1985).

Welfare fraud is a substantive crime separate from the types of theft defined in RCW 9A.56.020. It contains its own scienter element and means of committing the offense. Only its penalty is determined by reference to the theft provisions. It is not subsumed totally under the crime of theft, otherwise RCW 74.08.331 has no purpose. The information charged the defendants in the language of the statute, which contains the scienter element of knowledge in the terms willful and willfully. *State v. Tyler,* 47 Wn. App. 648, 736 P.2d 1090 (1987), is overruled insofar as inconsistent with this opinion.

We affirm.

DORE, C.J., BRACHTENBACH, DOLLIVER, ANDERSEN, DURHAM, SMITH, and GUY, JJ., and CALLOW, J. Pro Tem., concur.