# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47413-1-II |
| Respondent, | |
| v. | |
| CHASE SCOTT POLEDNA, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. – Chase Scott Poledna appeals his convictions for theft in the first degree—welfare fraud and false verification of a welfare form. He contends the charging document was constitutionally deficient and the court violated due process by instructing the jury on accomplice liability. We affirm.

## FACTS

Poledna and his girlfriend, Christy Curry, have three children. In late 2012, the family began receiving food benefits through the Department of Social and Health Services (DSHS). In May 2013, the couples' two youngest children went to live with Poledna's mother in Oregon. Poledna did not notify DSHS of the children's change in residence.

In August 2013, Poledna and Curry returned to DSHS to apply for Temporary Assistance for Needy Families (TANF) benefits. Both parents requested benefits for themselves and their

three children. At the bottom of each application, Poledna and Curry electronically signed their names by typing in their name and inputting a code. DSHS approved their requests. Benefits, however, ceased in December 2013 when Poledna notified DSHS that he was starting his own business. In February 2014, DSHS learned two of the children resided in another state with their grandmother beginning in May 2013.

The State charged Poledna with theft in the first degree—welfare fraud[1] and false verification of a welfare form[2]. Poledna objected to the sufficiency of the charging document, arguing it did not set forth the material elements of the charged offense. The matter proceeded to trial and after the State rested, Poledna moved for dismissal based on lack of sufficient evidence to convict. Poledna also requested lesser included instructions on theft in the third degree for the welfare fraud charge and false swearing for the false verification charge. The trial court denied the motion to dismiss and declined to instruct on the lesser-included offenses.

Regarding accomplice liability, the court instructed the jury, "A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either: (1) solicits, commands, encourages, or requests another person to commit the crime; or (2) aids or agrees to aid another person in planning or committing the crime." Clerk's Papers (CP) at 69; Instr. 12. Poledna did not specifically object to this instruction. The jury found Poledna guilty as charged. He appeals.

---

[1] RCW 74.08.331(1) (welfare fraud), RCW 9A.56.030(l) (first degree theft), and RCW 9A.56.020 (definition of theft).

[2] RCW 74.08.055.

ANALYSIS

I.    CHARGING DOCUMENT

Poledna first contends the information was defective as to the welfare fraud charge because it failed to allege that the value of goods or services wrongfully taken exceeded $5,000, as required under the theft in the first degree statute.[3] He argues that without alleging a value, the State charged him with a misdemeanor, third degree theft, but convicted him of a felony, first degree theft.

An information must allege all essential elements of a crime. *State v. Brown*, 169 Wn.2d 195, 197, 234 P.3d 212 (2010). Because a challenge that an information omitted essential elements is constitutional, we review it de novo. *State v. Williams*, 133 Wn. App. 714, 717, 136 P.3d 792 (2006). We first look to see whether the elements are listed on the charging document. *State v. McCarty*, 140 Wn.2d 420, 425, 998 P.2d 296 (2000).

Here, the information charged theft in the first degree—welfare fraud and referenced RCW 74.08.331(1). Under this statute, "Any person who by means of . . . [fraud] . . . obtain[s] . . . any public assistance to which the person is not entitled or greater public assistance than that to which he or she is justly entitled is guilty of theft in the first degree under RCW 9A.56.030." RCW 74.08.331(1). The statute unambiguously says welfare fraud in any amount constitutes first degree theft. Poledna argues to the contrary and cites *State v. Campbell*, 125 Wn.2d 797, 888 P.2d 1185 (1995), and *State v. Delcambre*, 116 Wn.2d 444, 805 P.2d 233 (1991). In those cases the Supreme Court held that informations charging welfare fraud were invalid because they omitted a value element. *Campbell*, 125 Wn.2d at 805; *Delcambre*, 116 Wn.2d at 450. However, since those cases, the legislature amended RCW 74.08.331(1) which shows its clear intent that welfare fraud, in any amount, now constitutes first degree theft. *See* LAWS OF 2003, ch. 53, § 368.

---

[3] RCW 9A.56.030(1)(a).

"[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." *State v. Hirschfelder*, 170 Wn.2d 536, 543, 242 P.3d 876 (2010) (*quoting Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). No specific dollar amount is required.

Poledna cannot create an ambiguity when none exists. The information properly listed all the elements of the first degree theft—welfare fraud.

II.     ACCOMPLICE LIABILITY

Poledna next contends he was denied his right to due process when the court instructed the jury on accomplice liability. Poledna contends the evidence did not support an instruction that he helped or encouraged Curry to falsely fill out an application for benefits.

Jury instructions are constitutionally sufficient if they properly inform the jury of the applicable law, are not misleading, and allow the parties to argue their supported theories of the case. *State v. Barnes*, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005). "The requirements of due process usually are met when the jury is informed of all the elements of an offense and instructed that unless each element is established beyond a reasonable doubt the defendant must be acquitted." *State v. Scott*, 110 Wn.2d 682, 690, 757 P.2d 492 (1988). "The standard of review applicable to jury instructions depends on the trial court decision under review. If the decision was based on a factual determination, it is reviewed for abuse of discretion. If it was based on a legal conclusion, it is reviewed de novo." *State v. Condon*, 182 Wn.2d 307, 315-16, 343 P.3d 357 (2015) (citations omitted).

Typically, a party must object below to the giving of an instruction. Here, Poledna did not object below on the same basis he objects now. Because he presents due process and sufficiency of the evidence arguments, we allow Poledna to raise his challenges for the first time on appeal.

*See State v. Smith*, 174 Wn. App. 359, 365, 298 P.3d 785 (2013) (objections that implicate due process rights may be raised for first time on appeal); *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983) (a challenge to the sufficiency of the evidence is of constitutional magnitude such that it can be raised initially on appeal).

The welfare fraud statute states, "Any person who by means of a willfully false statement, or representation, or impersonation, or a willful failure to reveal any material fact, condition, or circumstance affecting eligibility or need for assistance . . . or *aids or abets* any person to obtain any public assistance to which the person is not entitled . . . is guilty of theft in the first degree." RCW 74.08.331(1) (emphasis added). Under an accomplice liability theory, the State must prove the substantive crime was committed and the accused acted with knowledge that he or she was aiding in the commission of the offense. *State v. Rice*, 102 Wn.2d 120, 125, 683 P.2d 199 (1984). Under RCW 9A.08.020(3)(a), "[a] person is an accomplice of another person in the commission of a crime if, [w]ith knowledge that it will promote or facilitate the commission of the crime he or she: (i) [s]licits, commands, encourages, or requests such other person to commit [the crime]; or (ii) [a]ids or agrees to aid such other person in planning or committing [the crime]."

Aiding and abetting are means of committing welfare fraud and a person is guilty as an accomplice of another person in the commission of the crime if he or she "[a]ids or agrees to aid such other person in planning or committing [the crime]." RCW 9A.08.020(3)(a)(ii); RCW 74.08.331(1). The trial court may instruct on accomplice liability even when the defendant is not charged as an accomplice. *See State v. McDonald*, 138 Wn.2d 680, 688, 981 P.2d 443 (1999) ("'a

verdict may be sustained upon evidence that the defendant participated . . . as an aider or abettor, even though he was not expressly accused of aiding and abetting and even though he was the only person charged in the information.'" (quoting *State v. Carothers*, 84 Wn.2d 256, 260, 525 P.2d 731 (1974))).

Poledna argues the facts were sufficient to instruct the jury on principal liability but not accomplice liability. Significantly, "principal and accomplice liability are not alternative means." *State v. Walker*, 182 Wn.2d 463, 484, 341 P.3d 976, *cert. denied*, 135 S. Ct. 2844, 192 L. Ed. 2d 876 (2015). And, unanimity is not required on whether a defendant acted as a principal or an accomplice in the crime. *State v. Teal*, 152 Wn.2d 333, 339, 96 P.3d 974 (2004). Accomplice liability represents a legislative decision that one who participates in a crime is guilty as a principal, regardless of the degree of the participation. *State v. Hoffman*, 116 Wn.2d 51, 104, 804 P.2d 577 (1991).

The evidence shows Poledna and Curry began receiving benefits in late 2012 for themselves and their three children, but in May 2013, the two youngest children went to live with Poledna's mother in Oregon. Neither Poledna nor Curry notified DSHS. Then, in August 2013, Poledna and Curry returned to DSHS to apply for TANF cash benefits. Both filed electronic applications, requesting benefits for themselves and their three children. At the bottom of each application, Poledna and Curry electronically signed their names by typing in their name and inputting a code.

Here, the facts clearly demonstrate principal liability, but reasonable inferences drawn from the evidence also show that Poledna aided Curry. These inferences support the court instructing the jury on accomplice liability. Therefore, the trial court here did not abuse its discretion.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, P.J.

_____
Sutton, J.